Pearson, J.
 

 Whether private property can be taken for public use without compensation, is a question that we are not called on to decide. There is no clause of our Constitution, or Bill of Rights, which expressly requires it. But the justice of making compensation is so obvious, that the omission of a clause requiring it, can only be accounted for upon the supposition, that it was taken for granted, that no act of such gross oppression would ever be perpetrated by the representatives of a free people. The laws of Athens prescribed no punishment for parricide, for it was taken for granted that no one would ever be guilty of a crime so horrid.
 

 A decision of the question is not now called for, because the statute, under consideration, gives compensation, not only for the value of the land required for the purposes of the road,
 
 *91
 
 but also damages for incidental injuries; and as it is said in the
 
 Rail Road Co.
 
 v.
 
 Davis,
 
 2 Dev. and Bat. 461, “ for the purposes of this cause, it may be assumed that compensation is in all cases requisite, as no doubt, in all cases, it will be made.”
 

 This is our question : According to the charter of the North Carolina Rail Road Company, is the compensation subject to a deduction by making an allowance for the general benefits of the road, — for instance, increased facilities for getting to market and travelling, increased prosperity of the country, stimulus to industry, more’ dense population, and a consequent appreciation in the value of real estate ; in a few words, such benefits as are common to all ? • Or must the reduction be restricted to an allowance for such benefits only, as are
 
 peculiar to the owner of the land,
 
 a part of which is taken for the use of the road ?
 

 The words of the charter are satisfied by making a deduction for such benefits as are peculiar to the owner of the land ; but they are broad enough to take in such benefits as are common to all. This raises a question of construction.
 

 The rail-road company says to the owner of the land, “ A part of your land is taken for the use of the public, but ample compensation is made to you; for in consequence of the increased facilities for getting to-market and travelling, and the increased general prosperity of the country, the balance of your land is more than doubled in value, and you can sell it for twice as much as you could have got for the whole before, including the few acres taken by us.” He replies, “That is true; but my neighbors can do the same with their land. These benefits are common to us all. We think the legislation, by which they have been secured to us, was wise, and we freely pay the additional tax made necessary thereby. But how is it, that in respect to myself, individually, these benefits ..are to be made use of for the purpose of paying me for a part of my land ? I have a right to what is common to us all, without any such draw-back, and your talk about ample compensation is mockery, if my land is to be paid for in that way.
 
 *92
 
 It would have been more ingenuous to have set out in your charter, in so many words, that the Legislature being satisfied of the fact that the increased value of tibie several tracts of land through which the road may pass, will be more than a just compensation for the land required for the road, no further compensation will be made. This would have saved me, and every one else, the expense of having commissioners to assess the damages.”
 

 To this the company cannot rejoin, otherwise than by asking a'question :
 
 “
 
 If it was not the intention to take these general benefits into the calculation, why such a flourish of trumpets about benefit and advantage, that the owners of land may receive from the erection or establishment of the rail-road or other work, and the £ excess of loss and damage over and above the advantage and benefit, shall form the measure of the valuation of said land or right of way
 
 V
 
 ” What kind of benefits are to be considered? You surely will not treat all this as surplusage ?
 

 The owner replies,
 
 “
 
 If it was necessary to treat it as sur-plusage; or else to come to the conclusion, that the Legislature intended to take my land without making just compensation, and'that what is said about compensation is a mere mockery, I wotdd assuredly consider it more respectful to the Legislature, and more in accordance with the rules of construction, adopted by Courts of justice, to treat it as surplus-age. In fact, it is a matter of common notoriety, that charters are procured to be drafted by interested individuals, and the strongest words in favor of the grantees are used, that it is supposed can be £ got through.’ Hence the rule, that legislative grants and charters are taken most strongly against the grantees. Rut there is no occasion for rejecting this as sur-plusage, for, in many instances, the making of the road will be a direct benefit to the land, i. e., draining or saving fencing by reason of a deep cut; and it was proper while assessing damages for incidental matters, such as an injury to the spring, the additional fencing made necessary, and the inconvenience of having a field cut in two, and the crossing
 
 *93
 
 places obstructed, that the advantages to the land should be taken into consideration, if there happened to be any peculiar benefit to it; and among these would probably be considered an
 
 jparticular
 
 increase in the value of the land; for instance, if a depot was located upon a tract of land, and some five acres taken for that purpose, leaving the owner the peculiar benefit of selling the adjoining lots at high prices; it may be that this would be taken into the account.” ■
 

 We are satisfied from “the reason of the thing” as indicated in the above dialogue, and from the further consideration that such general benefits and anticipated advantages, are too “ contingent, uncertain and remote,” to be made the basis of any practical rule, that the commissioners ought not to have taken into their estimate tliese benefits and advantages which
 
 are common to all,
 
 and that the proper construction of the charter confines the deduction to such benefits and advantages as are peculiar to the particular tract of land in each instance.
 

 The researches of counsel have enabled them to meet with twp cases in Massachusetts, both of which fully sustain our conclusion,
 
 Meacham
 
 v.
 
 Fitchburg R. R. Co.,
 
 4 Cushing’s Rep. 294, where, in construing a statute similar in its wording to -the clause of the charter we have been considering, it is held “ that a reduction of damages can only be made on account of some direct benefit, and not the uncertain and fanciful estimation of anticipated advantages which are common to other real estate owners in the vicinity, such benefit being too contingent, indirect and remote, to be brought into consideration in a question of damages to a particular parcel of land,” and Upton v.
 
 South Reading R. R. Co.,
 
 8 Cushing’s Rep. 600. There, the ruling below was, “ that the measure of damages was the depreciation of the market value of the tract of land by reason of the location of the rail-road, and that if the land was as valuable
 
 in the market with the road,
 
 by reason of the
 
 benefits deriwed therefrom,
 
 the petitioners were not entitled to recover any damages.” Upon appeal, the decision was reversed, and the Court re-aifirmed the construction
 
 *94
 
 adopted in
 
 Meacham v. Fitchburg R. R.
 
 Co., and the Court repeats,
 
 “
 
 benefits which are commonto all the owners of real estate in the vicinity, such as the increased convenience of the people generally, the anticipated and probable effect upon the business and general prosperity of the neighborhood, and the consequent increase in the saleable value of real estate, are benefits too contingent, indirect and remote, to enter into the question of damages.”
 

 The judgment below is reversed The report of the commissioners set aside in respect to $250 assessed on account of benefit to the petitioners. Report confirmed in respect to $150 assessed for the value of the land and damages for disadvantages. Judgment for that sum.
 

 Per Curiam. Judgment reversed.