W. A. HAISLIP v. WILMINGTON AND WELDON RAILROAD
COMPANY.

*Railroads—Right of Way—Damages to Crops—Benefits to
Land-owner.*

1. In an ac·ion to recover damages against a railroad company for right of way, the injury done to growing crops, both inside and outside of the land apportioned, must be estimated in assessing damages.

2. Under the charter of the Wilmington and Weldon Railroad Company, upon payment of damages assessed for right of way, the land covered by the road, and sixty-five feet from the base of the road on each side, becomes vested in the company in fee-simple.

3. In estimating benefits to the owner of the land on the line of the road, he is to have the benefit, without charge, of all advantages common to others in the community.

This was an action to RECOVER DAMAGES for right of way for branch railroad of defendant company, across land of plaintiff, tried at December Term, 1888, of MARTIN Superior Court, before *Graves, J.*

The plaintiff filed his petition before the Clerk of the Superior Court of Martin County, asking the appointment of com-

missioners or jury, under the charter of defendant company, to assess the damages, and benefits in accordance therewith, to the lands of plaintiff, by reason of the building of defendant company's railroad over the same.

Commissioners were appointed, who made report, a copy of which is annexed as part of the case. The Clerk affirmed the report.

The plaintiff and defendant both appealed from the assessment and report of the commissioners, and from the order of the Clerk confirming the same.

The defendant's appeal was, that the estimate of damages was too large and that of benefits too small.

Exceptions to report were:

1. That there was no land condemned for the use of the railroad.

2. That that laid off is too vague and indefinite in its location.

3. That it was not for the jury to mark out the course of the road, but the privilege of the company.

4 That there is no way from the report to ascertain the quantity of the land so as to estimate the value of land or damages.

The Court ruled as follows on the exceptions:

"Upon considering the exceptions, the Court considers that the reference of the report to the location by the engineers of defendant, would enable the Court to see definitely how the road-bed is located. Therefore, the first exception is overruled.

"It is true that it was not for the jury to mark out the course of the road, but the privilege of the company; but the Court understands the report as assigning damages on the land as laid out by the defendant's engineers.

"As to the third exception, that is certain which can be made certain, and by reference to the location of road of defendant, made by its engineers and referred to by commis-

sioners, the land subjected to the easement for the benefit of the defendant may be ascertained and identified.

"Exceptions two and three are therefore overruled."

After the disposition of the exceptions as above, issues were submitted to the jury as to the damages and benefits accruing to the plaintiff by reason of the use and occupation of the land by defendant as right of way for its railroad.

Evidence was introduced tending to show amount of damages, &c., and to show destruction of growing crop in the right of way, and also injury to crop outside of right of way, by passing over it, and by insecure cattle-guards over which hogs passed and destroyed it.

To this evidence as to injury to crop and insecurity of cattle-guards, defendant objected, but it was allowed by the Court.

The defendant requested the Court to charge:

1. That, in this action, the jury cannot consider the damage done to the growing crop.

2. That the railroad, having no title to the land, but only the right to use the same for the purpose of its construction, the jury, in estimating damages, will consider only the land actually used by the railroad, and not the entire width of 130 feet.

3. That the jury will consider any special benefit to plaintiff from the construction of the railroad and offset same against such damage as they may allow, and in this connection they may consider the increased value of plaintiff's timber, in that the railroad makes it more salable and more accessible to market, and makes a market for cross-tie timber—his timber lying on both sides of the road.

His Honor refused the 1st and 2 l, and gave the 3d, with this addition: "But the jury will bear in mind that the plaintiff is entitled to have, in estimating the increased value of his timber, the benefit of all advantages common to others."

His Honor, after explaining how the land of the citizen might be taken for public use, but that it could only be done upon making to the citizen just compensation, charged them that "the material matter for you to determine is, what is just compensation to plaintiff, for the right which the defendant takes to occupy his land and build its railroad thereon, and to maintain and operate it there.

"The measure of the value is the damages which the plaintiff has sustained by reason of the taking of his land—the removal of earth by reason of the embankments and cuts, and the direct consequences which result from the building and operating defendant's railroad.

"It is true that the defendant does not acquire the legal title to the land itself, but it does acquire an easement or right to use the land taken from the plaintiff for all the purposes of building, making, repairing, operating and using the railroad, so exclusively that the plaintiff would not be allowed to do anything on the land which would interfere with its franchise.

"But while the plaintiff is entitled to be paid, as compensation for the injury done him by taking his private property, so much damage as he has received, on the other hand, in arriving at a just and fair compensation, it is proper to take into consideration the benefits which the plaintiff has received specially—that is, such benefit as inures peculiarly to that land.

"He is entitled to have, without any deduction, the general benefit which is common to the community.

"But such special benefits as the plaintiff has received must be deducted from the damages, in order to arrive at the just compensation."

Verdict and judgment in favor of the plaintiff. Appeal by plaintiff.

Errors alleged : That the Court erred in admitting testimony objected to, and in refusing to charge as requested, and error in charge as given.

*Mr. C. M. Busbee*, for the plaintiff.
*Messrs. J. E. Moore* and *H. W. Stubbs*, for the defendant.

Shepherd, J.   No error is assigned as to the rulings of the Judge upon the exceptions to the report of the "jury," or commissioners, and the only exceptions presented for our consideration grow out of the trial of the issues, as to the damages sustained by the petitioner and the value of the benefits resulting to him by reason of the construction of the defendant's road over his land.

The admission of the testimony objected to, and the refusal of the Court to give the first instruction prayed for by the defendant, may be considered together, as they substantially involve the same question, viz. : Whether the defendant is liable for damages to the growing crop on and outside of the right of way, which damages were actually sustained by·reason of, and incident to, the construction of the road.   The mere statement of the proposition excludes the idea that the damages sought to be recovered were " remote, speculative or contingent."   The action of the Court is fully sustained both by reason and authority.  ·

" The value of growing crops destroyed by the appropriation of the lands, both inside and outside of the location, * * (have) been held proper elements of damages."   Woods' Railway Law, 2 vol., 917 ; *Lance* v. *C. M. & St. P. R. R. Co.,* 57 Iowa, 636.

The second instruction asked for was properly refused, and there is no error in the charge upon the subject to which it relates.   A mere glance at section 18 of defendant's charter (2 *Rev Stats.,* 342) will show that His Honor was correct.   " After the assessment of the damages to be

paid, and the payment thereof, the property covered by the road ,and sixty-five feet on each side thereof, measuring from the base of the road, shall become to all intents and purposes vested in the company in fee simple."

The addition to the third instruction was unquestionably proper. After a careful scrutiny of the entire charge, we are unable to find any error of which the defendant can complain.

No error. Affirmed.