PATRICK J. SEXTON *et al.*

*v.*

THE UNION STOCK YARD AND TRANSIT COMPANY.

*Opinion filed December 16, 1902.*

1. EMINENT DOMAIN—*when question of petitioner's power to condemn is waived.* The question of petitioner's power to condemn is waived where defendants stipulate that their motion to dismiss the petition shall be denied, and an order to that effect is entered without objection, and where defendants' attorney concedes, in open court, that petitioner has such power and voluntarily enters upon a hearing before a jury upon the question of damages.

2. SAME—*admissibility of evidence showing adaptability of land for building.* Oral evidence may be received in a condemnation proceeding to show the adaptability of the land, in the near future, for a warehouse and railroad yards; but a plat prepared by the defendants of a possible but largely imaginary development of the land for such purposes, and not of any improvement the defendants had contemplated making, is not admissible.

3. SAME—*jury may be instructed that petitioner does not acquire the fee.* An instruction in a condemnation case advising the jury that the

petitioner did not acquire the fee by the condemnation proceeding is not prejudicial, where the jury are repeatedly directed in other instructions that they must assess and award the defendants the fair cash market value of the property taken.

4. SAME—*rule as to sustaining condemnation verdicts.*   The amount of damages awarded in a condemnation case upon conflicting oral testimony and after the jury have viewed the premises will not be disturbed, on appeal, if within the range of the testimony, unless it is clear that injustice has been done or that passion or prejudice influenced the action of the jury.

APPEAL from the Circuit Court of Cook county; the Hon. RUSSELL P. GOODWIN, Judge, presiding.

FRANCIS W. WALKER, ALBERT G. WELCH, and KENNER S. BOREMAN, for appellants.

WINSTON, BABCOCK, STRAWN & SHAW, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

In a proceeding instituted by the appellee company, under the provisions of the Eminent Domain act, for the condemnation of certain real estate in Cook county belonging to the appellants, the jury empaneled for the purpose of assessing the just compensation to be paid the appellants for the lands taken and damaged, returned a verdict assessing the damages of appellants in the gross sum of $6969.60. The inclusion of the damages to which the appellants were, respectively, entitled in a gross sum was in accordance with a stipulation authorizing that course to be taken. Judgment was entered on the verdict. The property owners have prosecuted this appeal to secure reversal of the judgment.

It is first urged by appellants the appellee company is lacking in power, under the provisions of its charter, to acquire the property in question by condemnation. That question does not arise on this record. Appellants presented a motion to dismiss the petition, and by leave of the court an amended petition was filed. The appel-

lants then entered into the following stipulation: "That an order may be entered in said cause giving leave to the defendants, and each of them, to have the motion to dismiss, heretofore filed herein to the original petition, stand as the motion of the defendants to the amended petition, and that said order may provide that said motion to dismiss shall be denied by the court." An order was entered in the cause in accordance with this stipulation,—and that, without objection or exception on the part of the appellants. On the 5th day of March, 1902, being some ten days before the jury was called and empaneled to make an assessment of damages, during the course of the introduction of plans and specifications showing the land desired to be condemned and the location and height of an embankment intended to be placed thereon by the appellee company, and other preliminaries necessary to the proceeding prior to the assessment of the damages by a jury, various stipulations were entered into between the parties. Some of these stipulations were effected by verbal statements and admissions of counsel in open court, among others the following:

Mr. Strawn (counsel for appellee): "Our position is, first, if the court please, that it is for the court, and not for the jury, to say whether or not the railroad company does or does not need this land, and that, the railroad company having elected to take this land, as it had a right to do under the statute and under the charter, and that right being conceded by the respondents, there is nothing for the jury to pass upon in this controversy except the just compensation to the owner for the land taken, and damages, if any, to the remainder.

Mr. Walker (counsel for appellants): "Pardon me; whether or not this land was necessary to this railroad company could only be raised by a traverse, and properly before the matter gets to the jury at all, it must have been dragged out before the court, if it was ever a question, before we get to the jury at all. They have a

right to take this land, and their necessity is not a matter before the jury.

Mr. Strawn: "Then we agree on that.

Mr. Walker: "Why, certainly."

During the same stage of the proceedings the appellee company offered in evidence a certified copy of the special charter under which it was organized, by virtue of the provisions whereof it claimed the right to condemn the property in question. Counsel for appellants not only did not prefer any objections to the introduction of the charter, but, on the contrary, expressly stated that its introduction was not objected to. After these preliminary matters had been completed an order was entered that a jury should be empaneled to assess the damages of the appellants. Accordingly, some ten days later, a jury was called, selected and sworn, and the evidence bearing upon the amount of the damages sustained by the appellants was heard. It was not until after the parties had, respectively, presented to the jury their testimony bearing upon the question of the amount of damages which should be awarded to the appellants, and after that issue had been, on such testimony, submitted to the jury and a verdict rendered, that the appellants sought to question the power of the appellee company to acquire the property in question by condemnation.

The petition, on its face, showed that the appellee company possessed ample right and power to condemn the premises in question. The appellants concede this to be true, but insist it appeared in the provisions of the charter, which was produced in evidence by the appellee company, that though it at one time possessed the requisite power, it had not, under the legislative grant, by reason of changed conditions, such capacity and right at the time of filing the petition. Having stipulated that the motion to dismiss the petition should be denied, and an order to that effect having been entered without objection, and having preferred no objection to the in-

troduction in evidence of the charter of the appellee
company on the hearing before the court on the question
of the capacity and power of the appellee company to
exercise the right of eminent domain, and having, upon
such hearing, by their attorney, in open court, conceded
that the appellee company had such power and capacity,
and having voluntarily and without objection. entered
upon a hearing before the jury of the issues as to the
amount of damages to which they were entitled, the ap-
pellants cannot be heard to insist the appellee company
had not the right and power to acquire their property by
the process of condemnation. *Lieberman* v. *Chicago and
South Side Rapid Transit Railroad Co.* 141 Ill. 140; *Ward* v.
*Minnesota and Northwestern Railroad Co.* 119 id. 287; *O'Hare*
v. *Chicago, Madison and Northern Railroad Co.* 139 id. 151;
*Suver* v. *Chicago, Santa Fe and California Railway Co.* 123
id. 293; *Cahill* v. *Village of Norwood Park*, 149 id. 156.

We think the petition sufficiently set forth the au-
thority of the petitioner to obtain the condemnation of
the property for the purpose for which it was to be taken
and used, and that such property was necessary to the
corporate purposes of the appellee company, and that
the petitioner was unable to agree upon the proper com-
pensation to be paid therefor, to give the court jurisdic-
tion of the subject matter of the proceeding.

Oral evidence was permitted to be introduced by the
appellants for the purpose of showing the adaptability
of the land for the building, in the near future, of exten-
sive warehouse and railroad yards. The court, however,
refused to admit in the proofs a map or plat prepared by
the appellants, or under their direction, showing the pos-
sible contemplated future development of the property.
In *Chicago and Evanston Railroad Co.* v. *Blake*, 116 Ill. 163,
we held that the plans of a structure which the owner
of land sought to be condemned had contemplated, for a
number of years, erecting on the premises, might be re-
ceived in evidence as an illustration of one of the uses

to which the property was adapted, if its introduction was expressly limited by the court to that object, but that such testimony was inadmissible to enhance the damages. We also there said that the practice of introducing such evidence should not be encouraged, as it was more likely to·mislead than to enlighten the jury. The map or plat sought to be introduced in the case at bar was not of any building or structure that the appellants had contemplated erecting, but a mere plat or plan of a possible, and largely imaginary, development of the tract. Oral testimony had been received as to the adaptability of the property for such use, and we think the court properly declined to admit the plat or plans in evidence.

The appellants had in operation "going" brick plants on premises of which two of the tracts sought to be condemned were parts. They claimed damages based upon the use of the premises in connection with these brickmaking plants. It is complained that Henry Busse, a witness for the appellee company, was permitted to testify as to the sales of two tracts of land made by him upon which "going" brick plants were located, to the Illinois Brick Company, and to give the prices which he obtained for such property. It does not appear, however, that the appellants objected to the giving in evidence, by the witness, of the transactions, in detail, between the witness and the said brick company, except that when the statement by the witness of the details of the sale of one of the tracts was being received in evidence the appellants objected to a question propounded to the witness for the purpose of ascertaining the amount which he was to receive for that particular tract. No motion was made to strike out the evidence of this witness, or any part of it, but, on the contrary, the appellants cross-examined the witness fully as to both of the transactions with the said Illinois Brick Company. In such state of the record the appellants ought not now be heard to insist the judg-

ment should be reversed because of the action of the court in ruling on the objection in question.

It is complained that instruction No. 4 given in behalf of the appellee company advised the jury that the petitioner, by the proceeding in condemnation, did not acquire the fee to the property. While counsel for the appellants concede the instruction correctly states an abstract proposition of law, they insist the principle stated in the instruction had nothing to do with the issue before the jury, and that its effect must have been prejudicial to the appellants. The nature of the estate and the quantity of title taken from the land owner are not improper for consideration by a jury. (10 Am. & Eng. Ency. of Law, —2d ed.—1150.) Where the petitioner takes a perpetual easement to occupy and use the surface of the land, the bare fee remaining in the owner is generally, for all practical purposes, of no value, and in such cases it would not be error for the jury to allow the fair cash market value of the property. The court, in the case at bar, in the instructions given in behalf of both the parties to the proceeding, repeatedly directed the jury that they should assess and award the appellants the fair cash market value of the premises taken. The court granted the appellants twenty instructions, in which the jury were very fully and correctly informed as to every element of damages proper to be considered and awarded to the appellants.

The complaint that the verdict of the jury is contrary to the weight of the testimony cannot be maintained. Three tracts of land were condemned, one of which, the larger, contained 1.15 acres, the second .3581 of an acre and the third .1229 of an acre, a total of 1 acre and .6310 of an acre. The tracts were parts of two larger tracts on which were situate the brick plants, and were valuable in their present use for the clay which they would supply for brick-making purposes. The appellants also claimed, and produced testimony to show, the location

and proximity of the tracts to certain railroads, by which superior means of transportation were secured, largely enhanced their value in this respect. It was also claimed they were so located as to have a special value for railroad and terminal purposes and uses. There was much evidence produced by the respective parties relative to the value of the premises for each of these respective purposes, and also relative to the damages to the larger tracts of which the premises to be condemned were parts. In addition to this, the jury, in a body, visited and inspected the premises, and acted from their own knowledge obtained by an actual view of the property. The evidence consisted most largely of opinions of values entertained by the different witnesses. Their judgment varied widely and their opinions were likewise variant. The amount allowed, though much less than the estimates of the witnesses produced in appellants' behalf, is larger than that of the witnesses produced by the appellee company. We cannot know the effect which was produced on the minds of the jurors by the actual inspection of the premises. The rule in such cases is, not to disturb a verdict, if it is within the range of the testimony, unless we can clearly see that injustice has been done and that passion or prejudice influenced the action of the jury. (*Lyon* v. *Hammond and Blue Island Railroad Co.* 167 Ill. 527; *Davis* v. *Northwestern Elevated Railroad Co.* 170 id. 595; *West Chicago Street Railroad Co.* v. *City of Chicago*, 172 id. 198; *Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co.* 174 id. 547; *Braun* v. *Metropolitan West Side Elevated Railroad Co.* 166 id. 434; *Chicago Terminal Transfer Railway Co.* v. *Bugbee*, 184 id. 353; *Conness* v. *Indiana, Illinois and Iowa Railroad Co.* 193 id. 464.) There is nothing in this record to indicate that injustice has been done or that passion or prejudice in any manner influenced the verdict.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*