JACOB DETHAMPLE V. LAKE KOEN NAVIGATION,
RESERVOIR AND IRRIGATION COMPANY.

No. 14,452. (85 Pac. 544.)

### SYLLABUS BY THE COURT.

1. EMINENT DOMAIN—*Easement—Damages.* In a condemnation proceeding for a perpetual easement in an entire tract of land which has only a surface value, the basis of the owner's right of recovery is the value of the land, the same as if the fee had also been appropriated.

2. —— *Instructions—Measure of Damages.* In such a proceeding the only question of fact to be submitted to a jury is the value of the land at the time of condemnation, and it is misleading and erroneous for the court to instruct the jury that only an easement was appropriated by the condemnation proceedings, and that the fee remains in the owner, unless they are further instructed that in determining the owner's damages no value should be attached to the remaining fee.

Error from Barton district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed February 10, 1906. Reversed.

*James W. Clarke,* for plaintiff in error.

*Eaton & Loomis,* and *D. A. Banta,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This action originated in a proceeding to condemn the plaintiff's lands. From the award of the commissioners he appealed to the district court, where he recovered a judgment for an amount which he claims was grossly inadequate, the result, as he now contends, of errors committed by that court in excluding testimony, in admitting incompetent testimony prejudicial to his rights, in giving misleading and erroneous instructions, and in submitting special questions to the jury upon a wrong theory adopted by the court as to the methods of proving the value of his land. The land condemned was a

quarter-section of unimproved prairie land, except about fifteen or twenty acres which were, or had been, in cultivation. The condemnation was for a perpetual easement in the entire tract for a reservoir site. It is a part of a large body of land condemned by the Lake Koen Navigation, Reservoir and Irrigation Company, which it was intended to submerge. There was no evidence that plaintiff's land had, or is ever likely to have, any value other than its surface value. In such cases the basis of the owner's damages is the value of the land condemned. (*K. C. W. & N. W. Rld. Co. v. Fisher*, 49 Kan. 17, 30 Pac. 111; *Cohen v. St. L. Ft. S. & W. Rld. Co.*, 34 Kan. 158, 8 Pac. 138, 55 Am. Rep. 242; *C. K. & W. Rld. Co. v. Parsons*, 51 Kan. 408, 32 Pac. 1083; *Hollingsworth et al. v. The Des Moines & St. Louis R'y Co.*, 63 Iowa, 443, 19 N. W. 325; *L. R. Junction Ry. v. Woodruff*, 49 Ark. 381, 5 S. W. 792, 4 Am. St. Rep. 51; *Spring Valley W. W. v. Drinkhouse*, 92 Cal. 528, 28 Pac. 681; *Railway v. Combs*, 51 Ark. 324, 11 S. W. 418; Cooley's Const. Lim., 7th ed., 819; *Giesy v. C. W. & Z. Railroad Co.*, 4 Ohio St. 308; *Robb v. Maysville & Mt. Sterling Turnpike Road Company*, 60 Ky. 117.)

Where an entire tract of land is appropriated, and there is no evidence that it has any value other than its surface value, the fee, which remains in the owner, has no value that can be estimated; consequently, such item should not be considered in determining the amount of damage sustained by the owner. The basis of his damages is the same as if the proceedings had devested him of the fee. (*Cummins v. The Des Moines & St. Louis R'y Co.*, 63 Iowa, 397, 19 N. W. 268; *Clayton v. The Chicago, Iowa & Dakota R'y Co.*, 67 Iowa, 238, 25 N. W. 150.)

With this understanding of the law controlling condemnation proceedings where the condemnation is for a perpetual easement and of an entire tract of land, with no value but its surface value, we will consider the assignments of error. The plaintiff, in attempting

to prove the market value of the land at the time it was condemned, caused several witnesses to testify to that value, without any objections from the defendant as to their qualifications. Afterward, however, upon the motion of the defendant, the court withdrew all the testimony given by these witnesses, upon the ground that they had not shown themselves competent to speak on the question of market value. This is assigned as error. An examination of the testimony of these witnesses satisfies us that none of them qualified to testify to the market value.

The second assignment is the admissibility of the evidence of M. B. Fitts as to what was a fair and reasonable value per acre of the land at the date of its condemnation. This witness qualified himself to give his opinion. Perhaps it should not have been given great weight by the jury because of his slight acquaintance with the land, but there was no error in permitting him to give his opinion.

Error is also predicated on the giving of the eighth instruction, which reads:

"The jury are further instructed that the sale of a piece of real estate for a certain sum and at a certain time does not necessarily establish or prove that the value of the real estate was the price paid for it in such sale. Circumstances might be such that the owner desired to sell the same and was willing to take less than its real value, and on the other hand the purchaser might for certain reasons be willing to pay more than the real value of the property, but I instruct you that there is no legal presumption, in the absence of any proof, that an owner of real estate, when he makes a sale of the same, sells it for less than it is reasonably worth, nor is there a presumption that the purchaser of real estate in making his purchase is giving more than it is reasonably worth; and the fact, if it is a fact, that the real estate in question was sold for a given price at a given time is a circumstance which the jury may very properly consider in determining what the value of the real estate was at such time, if you can determine it from the evidence in the case."

The defendant introduced testimony at the trial that two years prior to the condemnation the plaintiff had purchased the land for $480. It also offered testimony tending to show that this particular land had increased in value $75 between the date of such purchase and the condemnation. The instruction was given upon the theory that the jury might accept the purchase-price as a basis of estimating the value of the land, and that this amount, plus the increase, would be a proper method of determining its present value. If such a method of proving value can ever be adopted in any case, which is doubtful, it was error to adopt it in this case. A number of witnesses offered by both parties qualified under the well-established rules of evidence to testify to the value of the land at the time of its appropriation, and gave their opinions. There was no lack of competent evidence on this question on either side. There was no occasion, therefore, for the court to introduce a new and unprecedented method of ascertaining values. The vice of this instruction is made more apparent upon an examination of the special questions submitted to the jury, and their answers thereto, as follow:

"Ques. How much did the plaintiff pay for the land when he bought it, on the 30th day of March, 1898? Ans. $480.

"Q. How much do you find the value of the land in controversy to have been on the 4th day of June, 1900? A. $555.

"Q. What do you allow the plaintiff per acre for his land? A. $3.46⅞ per acre.

"Q. How much did the land in controversy increase in value from March 30, 1898, to June 4, 1900? If you find that there was a material increase in the value between these periods, then state what caused the increase in value. A. $75.

"Q. What crops were produced upon the land during the year 1900? A. Hay crop.

"Q. What do you find the market value of the land in question to have been on June 4, 1900? A. $555."

From these questions and answers it is apparent

that the jury accepted the method indicated by the instruction, and reached their conclusion of value from the purchase-price, plus the increase between the date of the alleged purchase and the condemnation, and they accepted the purchase-price as this basis in the absence of any evidence that it was the fair and reasonable value of the land at the time. In this they followed the instruction "that there is no legal presumption, in the absence of any proof, that an owner of real estate, when he makes a sale of the same, sells it for less than it is reasonably worth, nor is there a presumption that the purchaser of real estate in making his purchase is giving more than it is reasonably worth; and the fact, if it is a fact, that the real estate in question was sold for a given price at a given time is a circumstance which the jury may very properly consider in determining what the value of the real estate was at such time."

Following this instruction, and in answer to the special questions submitted for that purpose, the jury found that plaintiff paid $480 for the land two years before the condemnation, that it had increased $75 in value, and that the sum of these was the value of the land when condemned. The price paid for the land two years prior to the condemnation was not a proper basis upon which to determine the present value of the land. Such a method introduced two collateral issues: (1) Was the price paid the fair and reasonable value of the land at the time? This was a question of fact, and could not be established by legal presumptions. (2) What was its increase or decrease in value for the period intervening between the purchase and the condemnation? Either of these questions was as difficult of proof as the present value of the land. We conclude, therefore, that the court erred in giving this instruction, and also in submitting the special questions quoted to the jury.

The remaining assignment of error that we find it

Dethample v. Irrigation Co.

necessary to comment upon is in giving the following instruction:

"The court instructs the jury that the defendant corporation does not by its proceedings appropriating the plaintiff's land, or by the award in this case, acquire the fee or the absolute title to the lands appropriated. What it does acquire is the right to use and occupy the land for the purposes for which it was appropriated, and the owner of the land has at all times the right to possess and use the land for any purpose not inconsistent with the purpose for which it was appropriated; and in case of the abandonment of the use of the land by the defendant for the purposes for which it was appropriated the entire possession and title to said land revert to the plaintiff."

This instruction is a correct statement of the law, but it has no application to any fact submitted to the jury, or to any fact that could have been properly submitted to them in this case, and had a tendency to confuse them in arriving at a correct verdict. The only question of fact for their consideration was the value of the land condemned, and this should have been determined the same as if the fee had passed. This simple question should have been submitted without reference to where the fee lodged. A jury understand that every instruction given is intended to assist them in deciding some question of fact submitted for their determination. It is common knowledge that a fee in real estate is a thing of value, and, when the court instructed the jury that the company by its condemnation proceeding only acquired an easement in the land and that the plaintiff still retained the fee, naturally they must have attached value to the fee, and by intelligent reasoning and an innate desire to do justice must have concluded that plaintiff ought not to recover for a thing of value which he retained.

The judgment is reversed, and the cause remanded.

MASON, SMITH, PORTER, GRAVES, JJ., concurring.

JOHNSTON, C. J. (dissenting) : In reversing the judgment two propositions of law are declared, the second being only a slight qualification or extension of the first, and in neither of them am I able to concur, nor do I find any grounds for reversing the judgment. The nature and extent of the interest taken by condemnation are always proper considerations in fixing the compensation of the owner. It was an easement that the defendant was seeking to condemn and for which the plaintiff was asking compensation. Nothing else was involved, and no one connected with the case claimed that any other or greater interest was to be condemned. The owner is only entitled to be compensated for such estate or interest as has been taken from him. That is a correct rule of law, and I have difficulty in understanding how the statement of a true rule can be made a ground for reversal.

It may be that there is little difference between the value of a perpetual easement in land and that of a fee title to it, but I think it would have been error for the court to have told the jury that they might award the owner the same compensation as if he had been devested of a greater interest than the one actually taken. Cases are cited where courts refused to reverse for a refusal to instruct as to the difference between an easement and a fee. But these rulings were based on the theory that the difference in value was so small as to come within the doctrine of *de minimis non curat lex*. Rulings refusing to reverse for errors which were not prejudicial differ materially from a reversal for giving an instruction which is theoretically correct. Even if the law had not been accurately stated the rule of the cases cited, that the difference in values of an easement and a fee simple is so small as not to be within the notice of the law, would work an affirmance of this judgment.

It devolved upon the plaintiff to show the value of

the interest taken, and not of some other interest, and he has no reason to complain that the court stated correctly the interest appropriated, and for which he was asking compensation. If his testimony did not measure up to the rule it was not the fault of the court, nor did it justify the court in stating a wrong rule. If the interest of the plaintiff had been only a leasehold, or a life-estate, compensation would have been limited to the rights of which he was deprived, and the court must have so advised the jury. It was no less its duty to advise the jury of the character of the interest taken from plaintiff. Aside from this, every one connected with the case appears to have understoood alike the nature of the interest taken, and the witnesses for both parties testified freely about the market value of the land, without quibbling as to the interest remaining in the owner.

Something is said about an instruction as to the circumstances of a sale of the property two years before the condemnation, but as this instruction was based upon testimony of which no complaint is made there is little room for objection. The testimony being before the jury, it was proper to instruct them as to its weight and application. In my view the instruction given, qualified as it was by the court, is sound law, and is an instruction which is frequently given in the courts of this state. In fact, the entire charge appears to have been carefully abstracted from the decisions of this court. The last-mentioned instruction, however, is probably not regarded as reversible error, as it is not mentioned in the syllabus of the decision made.

I think the judgment should have been affirmed, and I am authorized to say that Mr. Justice BURCH joins me in this dissent.