STATE v. VANDER GLOVER AND HOUSTON McMILLAN.

(Filed 20 March, 1935.)

**1. Criminal Law L e—**

*Held:* Neither evidence admitted over defendants' objection nor evidence excluded on objection by the State was of sufficient probative value to affect the verdict of the jury, and *held further*, there was no error either in the admission or exclusion of evidence.

**2. Homicide G e—**

Evidence of defendants' guilt of murder in the first degree in killing deceased while attempting to rob him *held* sufficient to be submitted to the jury.   C. S., 4200.

**3. Criminal Law B a—**

Defendants' pleas of mental irresponsibility, one based upon mental incapacity and the other upon drunkenness, *held* determined adversely to defendants by the verdict of the jury upon conflicting evidence.

APPEAL by defendants from *Cranmer, J.,* at June Term, 1934, of CUMBERLAND.   No error.

This is a criminal action in which the defendants were convicted of murder in the first degree.

From judgment that the defendants each suffer death by means of electrocution, as prescribed by statute, both defendants appealed to the Supreme Court, assigning as errors in the trial the admission of evidence offered by the State over objections by defendants, the exclusion of evidence offered by defendants on objections by the State, and instructions by the court to the jury, to which the defendants duly excepted.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*Gilbert A. Shaw and W. Louis Ellis, Jr., for defendants.*

CONNOR, J. A careful examination of the assignments of error appearing in the record in this appeal fails to disclose any error in the trial of this action, for which either of the defendants is entitled to a new trial. Neither the evidence admitted over the objection of the defendants nor the evidence excluded on the objection of the State was of sufficient probative value to affect the verdict of the jury. There was no error in the admission or exclusion of this evidence, or in the instruction of the court to the jury to which the defendants excepted. Neither of the assignments of error requires discussion.

All the evidence at the trial of this action shows that the deceased, Robert Williams, was murdered in his home, in a suburb of the city of Fayetteville, N. C., on Saturday night, 10 April, 1934, at about 10 o'clock, and that the murder was committed in the perpetration of a felony, to wit, robbery. The homicide was, therefore, murder in the first degree, as defined by statute. C. S., 4200.

All the evidence further shows that both the defendants were present in the home of the deceased at the time of the murder, and that the defendants and the deceased were the only persons present. The evidence for the State shows that the defendants went to the home of the deceased early Saturday night for the purpose of robbing him of his money, and that in accomplishing that purpose they killed him. One of the defendants cut the throat of Robert Williams with a knife and the other struck him on the forehead with a bottle.

After they were arrested, each defendant made a voluntary confession to the chief of police of the city of Fayetteville, which tended to show that the other defendant committed the murder. There was evidence tending to corroborate each confession, and to contradict so much of each confession as tended to exculpate the defendant who made the confession.

There was evidence tending to show that the defendant Houston McMillan did not have sufficient mental capacity at the time of the murder to be criminally responsible for his act, and that the defendant Vander Glover was so drunk that he did not know what he was doing at the time of the murder. There was evidence to the contrary. This conflicting evidence was submitted to the jury under instructions which are supported by applicable decisions of this Court. The defenses relied upon by the defendants were not sustained by the jury.

The verdict that each defendant is guilty of murder in the first degree is amply supported by the evidence which was submitted to the jury in a charge which is free from error.

The judgment is affirmed.

No error.