179 So. 227

**CUMBAA et al. v. TOWN OF GENEVA.**

**4 Div. 990.**

Supreme Court of Alabama.

Jan. 13, 1938.

Rehearing Denied Feb. 24, 1938.

Carmichael & Tiller, of Geneva, for appellants.

Mulkey & Mulkey, of Geneva, for appellee.

GARDNER, Justice.

The Town of Geneva secured a judgment of condemnation (section 7476, Code 1923) against the real estate of Anna Cumbaa and her children, consisting of a dwelling

and storehouse on their lot in Geneva, Ala., for the purpose of erecting thereon a levee. The validity and regularity of the judgment are not under attack, and the sole question here for consideration relates to the matter of compensation.

The learned trial judge, following the lead of Odum v. Rutledge & Julian R. Co., 94 Ala. 488, 10 So. 222, entertained the view that the Town of Geneva acquired only an easement in the property, with the title to the building vesting in the original owner, subject only to the right of the levee authorities to have them removed, if thought to interfere therewith. These buildings were kept intact and elevated as the levee progressed in height, and are now on the levee several feet above the surface. That they are yet subject to further removal by the town, if found necessary for levee purposes, is quite clear. The question is not whether the town now desires any such removal, but rather the legal right to do so in the future. Collins v. Alabama Power Co., 214 Ala. 643, 108 So. 868, 46 A.L.R. 1459.

The case was tried upon the theory these buildings belonged to the original owners, and their value was not to be included in the calculation of compensation. The jury was so instructed in the oral charge. Charges 6 and 9, refused to defendants, were to the effect that these buildings constituted a part of the realty, and that the issue to be determined by the jury was the market value of the land condemned with the buildings thereon.

The Odum Case, supra, dealt with condemnation for a railroad right of way, and, as pointed out in Downing v. State, 214 Ala. 199, 107 So. 80, 82, railroad companies are authorized to condemn "ways and rights of way," properly construed as the right to acquire an easement only. But the law is for practical purposes and looks to practical ends, and, as observed in Ensign Yellow Pine Co. v. Hohenberg, 200 Ala. 149, 75 So. 897, 898, "in the ordinary case of an application to condemn an easement, not limited to a term of years, the rule is to award to the owner the value of the entire fee at the time of taking."

It is the generally accepted rule that, "when a piece of land upon which buildings have been erected and affixed to the soil is taken by eminent domain, so far as the buildings add to the market value of the land, they must be considered in determining the compensation to be awarded to the owner." 10 R.C.L. 141; 20 Corpus Juris 799.

In accordance with the provisions of section 7478, Code, the petition discloses that the Town of Geneva desired such interest in the property condemned as would serve the purpose of the construction and maintenance of a levee. And in Downing v. State, supra, the court noted that the purpose of taking must be given due weight in determining the extent of the right. "The right, whether it be called easement or by any other name, is statutory, and must be construed to be large enough to accomplish all that it is taken to do." Downing v. State, supra, adopting the language of the Massachusetts court in Newton v. Perry, 163 Mass. 319, 321, 39 N.E. 1032. In the Downing Case, supra, the use of the property for the Dock Commission was presumed, as to its duration to be co-extensive with the life of the state, which to all practical purposes is considered of infinite duration.

Like reasoning is applicable here. There is no pretense of any mineral or other interest in the property, Alabama Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 So. 833, Ann.Cas.1917C, 878, except its surface value as a town lot. And it is equally clear that, without precaution being taken by the town for their preservation, the erection of the levee would destroy these buildings, so far as their practical use was concerned. The levee to be constructed is a permanent improvement, so placed for the protection of the Town of Geneva from future floods, and presumably to endure the life of the town; a permanent improvement with its perpetual operation.

The case, therefore, falls within the "ordinary" class referred to in the Ensign Yellow Pine Co. Case, supra, wherein the owner is entitled to be compensated as to the value of the entire fee. The town cannot avoid these consequences by a preservation of the buildings and raising them to the level of the levee and, as thus elevated, thrust their involuntary ownership upon the defendants. They were fixtures and a part of the realty which is permanently appropriated to the use of the levee, and the compensation to the owner should have rested upon the value of the realty with the buildings thereon. The Town of Geneva would have no more right to diminish, in the manner just indicated, the amount of award to the owners of the property, than did the lumber company in Ensign Yellow Pine

Co. v. Hohenberg, supra, have to condemn an easement for a limited number of years.

We have concluded, therefore, that as to the matter of the amount of compensation, the case was tried upon an erroneous theory of the law applicable to this character of condemnation, and that, aside from any other assignment of error, those relating to the refusal of charges 6 and 9 suffice for a ready reference.

Let the judgment stand reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN, and FOSTER, JJ., concur.