NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMIS-
SION, PETITIONER, v. E. M. BLACK AND WIFE, ZELLA R. BLACK, AND
LOUISA J. BLACK, DECEASED, AND E. M. BLACK, ADMINISTRATOR, RE-
SPONDENTS.

(Filed 15 January, 1954.)

**1. Appeal and Error § 39e—**

In a proceeding to assess compensation for the taking of part of a dairy
farm upon which a spring was located, the admission of testimony of
another dairy farm owner that he had five springs on his property and
"valued" his springs is not held for prejudicial error, since the testimony
could not have influenced the jury in the decision of the case.

**2. Same—**

An exception to the exclusion of testimony cannot be held harmful when
the record fails to show what the testimony would have been if the witness
had been permitted to answer the questions.

**3. Trial § 15—**

Where an answer is not responsive to the question the adverse party
must request that it be stricken or the jury instructed not to consider it,
and an objection to the question alone is insufficient.

**4. Eminent Domain §§ 8, 18e—Compensation must be based on right ac-
quired as of the time of the taking.**

In a proceeding to assess compensation for an easement for highway
purposes, an instruction by the court that the landowner is entitled to
recover compensation for the part taken and compensation for injury to
the remaining portion of the land, offset by general and special benefits,
G.S. 136-19, will not be held erroneous on the ground that it permits recov-
ery for the fee when only an easement is taken and precludes any reduc-
tion of compensation on account of any use which the landowner might be
permitted to make of the portion of the right of way not covered by the
highway, since the petitioner acquires the unrestricted right to use in
perpetuity the entire surface of the right of way for highway purposes, and
any possibility of abandonment of the easement is too remote and uncer-
tain for consideration on the question of compensation.

**5. Eminent Domain § 8—**

Compensation for the taking of private property for a public use must
be determined as of the time of the taking and must be based upon the
rights acquired by the condemnor at that time and not on the basis of the
condemnor's subsequent exercise of such rights, and therefore the fact that
the condemnor may thereafter allow a permissive use of a part of the right
of way is not to be considered.

**6. Eminent Domain § 18e—**

In a proceeding to assess compensation for the taking of an easement for
highway purposes, an instruction that it is the duty of the jury in assessing
compensation to leave the owners of the land "in as near the same posi-
tion in respect to their entire tract as you can," the burden being upon
them to show by the greater weight of the evidence the damages, if any,

and that the possibility of abandonment of the easement was too remote for consideration in passing upon the question of compensation, *is held* without error.

APPEAL by petitioner from *Hubbard, Special Judge,* and a jury, at September Term, 1953, of DAVIDSON.

Special proceeding to determine compensation payable to landowners on account of the condemnation of a right of way for a public highway heard *de novo* at term on the appeals of both sides from the judgment of the clerk confirming the report of the assessing commissioners.

These are the facts:

1. During the fifteen years next preceding 1 April, 1952, E. M. Black, Zella R. Black, and Louisa J. Black operated a dairy upon their thirty-six acre farm in a rural section of Davidson County. A narrow and little traveled dirt road belonging to the county highway system bisected the farm, separating the dwelling, the dairy buildings, and the small pasture on the southwest side from the large pasture on the northeast side. The grade of the road was on a virtual level with abutting parts of the farm. In consequence, cattle could be driven without difficulty from the portion of the farm lying southwest of the road to the large pasture, which was plentifully supplied with water by a spring.

2. On 1 April, 1952, the State Highway and Public Works Commission actually appropriated substantially all of the roadbed of the dirt road, and additional portions of the farm totaling four acres and lying on both sides of the dirt road to public use as "the 150-foot" right of way for a relocated main traveled highway, to wit, United States Highway 64. Subsequent to such appropriation, the State Highway and Public Works Commission altered the grade of the right of way in a drastic manner, and constructed thereon a "50-foot" hard surfaced highway, which cuts the remainder of the farm into two parts virtually equal in area.

3. Since the parties were unable to agree as to compensation, the State Highway and Public Works Commission, as petitioner, brought this special proceeding against E. M. Black, Zella R. Black, and Louisa J. Black, as respondents, to determine the compensation payable to them on account of the condemnation of the right of way covering the additional four acres, and to obtain a decree vesting "said easement . . . in the petitioner . . . for the present and future use thereof by the State Highway and Public Works Commission, its successors and assigns, for all purposes for which the said State Highway and Public Works Commission is authorized by law to subject the same." Louisa J. Black, whose interest in the farm was an unassigned dower right, died during the pendency of the proceeding, and her administrator was made a party in her stead.

4. Both sides offered testimony bearing on the question of compensation at the trial de novo before Judge Hubbard and the jury. The evidence for the respondents tended to show that the additional acreage taken for the right of way had been highly developed in pasturage; that the drastic alteration in the grade of the right of way prevented the transfer of cattle from the portion of the farm containing the dairy buildings to the remainder of the large pasture lying northeast of the highway; that the new highway itself covered and destroyed the spring which had formerly supplied water to the large pasture; and that as the immediate result of these matters the market value of the farm was substantially impaired for dairying and all other adaptable purposes.

5. The jury returned this verdict: "What amount of damages, if any, are . . . respondents entitled to recover from the petitioner . . . for the taking of the easement of right of way across their lands as set out in the proceedings herein? Answer: $5,000.00."

6. Judge Hubbard entered a judgment adjudging that the respondents are entitled to recover $5,000.00 from the petitioner as compensation for the condemnation of the additional four acres for the right of way for the highway, and declaring that the petitioner acquired "the additional easement of right of way in . . . the lands of the respondents for all purposes for which the said Commission is authorized by law to subject the same."

7. The petitioner excepted to the judgment and appealed, assigning errors.

*R. Brookes Peters, E. W. Hooper, and Stoner & Wilson for the petitioner State Highway and Public Works Commission, appellant.*

*DeLapp & Ward and Hubert E. Olive for the respondents E. M. Black, Zella R. Black, and E. M. Black, Administrator of Louisa J. Black, deceased, appellees.*

ERVIN, J. We deem it necessary to take specific note of only four of the twenty-eight exceptions of the petitioner to rulings of the trial judge admitting, excluding, striking out, or refusing to strike out, evidence.

Exception 18 covers the admission of the simple statement of George Hedrick, a witness for the respondents, that he had "a bunch of cattle . . . and five springs" on his farm, and that he "valued" his springs. It is apparent that the receipt of this simple statement could not have influenced the jury in the decision of the case. In consequence, its admission must be adjudged harmless to the petitioner. *S. v. Bennett,* 237 N.C. 749, 76 S.E. 2d 42; *S. v. Glover,* 208 N.C. 68, 179 S.E. 6. Exceptions 25 and 26 are addressed to the action of the trial judge in sustaining objections of the respondents to questions put to the petitioner's witness T. C. Johnson by counsel for the petitioner. These exceptions cannot be

considered because the case on appeal does not show what the evidence of the witness would have been if he had been permitted to answer the questions. *Francis v. Francis,* 223 N.C. 401, 26 S.E. 2d 907. Exception 27 likewise presents nothing for review. This exception is directed solely to the action of the trial judge in overruling an objection of the petitioner to a question asked its witness T. C. Johnson by counsel for the respondents on cross-examination. The answer of the witness was not responsive to the question. If counsel for the petitioner considered the answer objectionable, they ought to have requested the trial judge to strike it out or to instruct the jury to disregard it. *Hodges v. Wilson,* 165 N.C. 323, 81 S.E. 340. The rulings on evidential matters covered by the other twenty-four exceptions are free of legal inaccuracies.

This brings us to Exceptions 29, 30, and 31, which are directed to the charge.

When the recent case of *Proctor v. Highway Commission,* 230 N.C. 687, 55 S.E. 2d 479, was before us, we made these observations in respect to the measure and elements of compensation where part of a tract of land is condemned by the State Highway and Public Works Commission for the right of way of a public highway: "It is a fundamental principle in this jurisdiction that the taking of private property for public use imposes upon the condemnor a correlative duty to make just compensation to the owner of the property appropriated . ... If the State Highway and Public Works Commission and a landowner are unable to agree upon the compensation justly accruing to the latter from the taking of property by the former, the matter is to be determined once for all in a condemnation proceeding instituted by either party under the provisions of Chapter 40 of the General Statutes. G.S. 136-19. Where only a part of a tract of land is appropriated by the State Highway and Public Works Commission for highway purposes the measure of damages in such proceeding is the difference between the fair market value of the entire tract immediately before the taking and the fair market value of what is left immediately after the taking. *The items going to make up this difference embrace compensation for the part taken and compensation for injury to the remaining portion,* which is to be offset under the terms of the controlling statute by any general and special benefits resulting to the landowner from the utilization of the property taken for a highway. G.S. 136-19; *Highway Com. v. Hartley,* 218 N.C. 438, 11 S.E. 2d 314."

In instructing the jury in respect to the measure and elements of compensation recoverable by the respondents on account of the condemnation by the petitioner of the additional right of way easement across their farm, the trial judge employed the formula set out in the above quotation from the *Proctor case.*

The petitioner noted Exception 29 to the part of the formula embodied in the italicized words. The petitioner challenges the validity of this part of the formula on the twofold ground that it permits the landowner to recover excessive compensation and that it is without support in sound precedent.

The petitioner lays hold on these general arguments to support its thesis that the part of the formula under attack permits the landowner to recover excessive compensation: That there is a vast difference between an easement and a fee simple estate in land; and that the part of the formula in question allows the landowner, who retains the fee, to recover from the State Highway and Public Works Commission, which acquires an easement, the full market value of the strip of land covered by the right of way, the same as if the fee in the strip were also condemned. The petitioner augments these general arguments with the specific assertion that the part of the formula under attack results in the award of excessive compensation to the landowner because it precludes any reduction of compensation on account of any use which the landowner might make of any portion of the strip, or on account of the possibility that the public road-governing authorities might some day abandon the use of the strip for highway purposes and thus permit all rights in the strip to revert to the then owner of the fee.

The petitioner advances these arguments to sustain its theory that the part of the formula challenged by Exception 29 is without support in sound precedent: That this part of the formula is relevant only where a portion of a tract of land is appropriated to public use in fee simple; that the suggestion that this part of the formula applies where a portion of a tract of land is subjected to an easement for public use is not to be found anywhere except in *Proctor v. Highway Commission, supra,* which involved the appropriation of an easement in a portion of a tract of land; that the court made such suggestion in the *Proctor case* solely upon the authority of *Highway Com. v. Hartley, supra;* and that the court fell into error in so doing because the *Hartley case* involved the condemnation of a portion of a tract of land for Blue Ridge Parkway purposes in fee simple and for that reason had no application to the *Proctor case.*

The contention of the petitioner that the part of the formula under attack permits the landowner to recover excessive compensation from the State Highway and Public Works Commission will not survive an analysis when form is laid aside in favor of substance. Whether there is any substantial difference between an easement and a fee simple estate in land depends upon the nature and extent of the easement. Where it exercises the power of eminent domain vested in it by the statute codified as G.S. 136-19 and in that way appropriates the land of another to public use as the right of way for a public highway, the State Highway and

Public Works Commission acquires once for all the complete legal right to use the entire right of way for highway purposes as long as time shall last. From the viewpoint of practicality, the difference between an easement of this nature and extent and a fee simple estate in the land covered by the right of way is negligible.

A review of relevant decisions demonstrates the invalidity of the contention of the petitioner that the part of the formula under attack is without support in sound precedent. The formula used by the trial judge in charging the jury on the measure and elements of compensation applicable to the easement involved in this proceeding did not have its genesis in the *Proctor case*. Moreover, it is not based upon a misconstruction of the *Hartley case*. When all is said, the formula constitutes a rule of law which has been recognized and enforced in North Carolina in cases involving the acquirement of perpetual easements by condemnation since the "time whereof the memory of man runneth not to the contrary."

The rule of law is simply this: Where the State, or one of its agencies or subdivisions, or a public utility takes by condemnation a perpetual easement entitling it to occupy and use the entire surface of a part of a tract of land, the landowner is entitled to recover just compensation from the condemnor for the easement taken, and just compensation in such case includes the market value of the part of the tract covered by the easement and the damage done to the remainder of the tract by the taking of the easement, subject to such deduction or set-off for benefits, special or general, resulting to the remainder of the tract from the taking of the easement as the statute authorizing the taking may specify. *Bailey v. Highway Commission*, 214 N.C. 278, 199 S.E. 25; *Light Co. v. Rogers*, 207 N.C. 751, 178 S.E. 575; *Light Co. v. Reeves*, 198 N.C. 404, 151 S.E. 871; *Moses v. Morganton*, 195 N.C. 92, 141 S.E. 484; *Power Co. v. Hayes*, 193 N.C. 104, 136 S.E. 353; *Stamey v. Burnsville*, 189 N.C. 39, 126 S.E. 103; *Power Co. v. Russell*, 188 N.C. 725, 125 S.E. 481; *Campbell v. Commissioners*, 173 N.C. 500, 92 S.E. 323; *McMahan v. R. R.*, 170 N.C. 456, 87 S.E. 238; *R. R. v. Manufacturing Co.*, 169 N.C. 156, 85 S.E. 390, and 166 N.C. 168, 82 S.E. 5; *Lloyd v. Venable*, 168 N.C. 531, 84 S.E. 855; *R. R. v. Armfield*, 167 N.C. 464, 83 S.E. 809; *R. R. v. McLean*, 158 N.C. 498, 74 S.E. 461; *Railroad v. Land Co.*, 137 N.C. 330, 49 S.E. 350, 68 L.R.A. 333, 107 Am. S. R. 490; *Railroad Co. v. Platt Land*, 133 N.C. 266, 45 S.E. 589; *Liverman v. R. R.*, 114 N.C. 692, 19 S.E. 64; *Railroad v. Church*, 104 N.C. 525, 10 S.E. 761; *Haislip v. Railroad Co.*, 102 N.C. 376, 8 S.E. 926; *Raleigh v. Augusta Air Line R. R. Co. v. Wicker and others*, 74 N.C. 220; *Freedle v. The North Carolina Railroad Company*, 49 N.C. 89. A similar rule prevails in other jurisdictions. *Cumbaa v. Town of Geneva*, 235 Ala. 423, 179 So. 227; *Ensign Yellow Pine Co. v. Hohenberg*, 200 Ala. 149, 75 So. 897; *Baucum v. Arkansas Power & Light*

*Co.,* 179 Ark. 154, 15 S.W. 2d 399; *Sexton v. Union Stock Yard & Transit Co.,* 200 Ill. 244, 65 N.E. 638; *Dethample v. Lake Koen Navigation, Reservoir & Irrigation Co.,* 73 Kan. 54, 84 P. 544; *Boston Chamber of Commerce v. Boston,* 195 Mass. 338, 81 N.E. 244; *General Ice Cream Corp. v. State,* 199 Misc. 620, 99 N.Y.S. 2d 312; *Grand River Dam Authority v. Martin,* 192 Okl. 614, 138 P. 2d 82; *Kentucky-Tennessee Light & Power Co. v. Beard,* 152 Tenn. 348, 277 S.W. 889; *Kentucky-Tennessee Light & Power Co. v. Burkhalter,* 8 Tenn. App. 380; *State of Georgia v. City of Chattanooga,* 4 Tenn. App. 674; *Joint School District No. 1, Town of Greenfield, v. Bosch,* 219 Wis. 181, 262 N.W. 618.

To be sure, the rule declares the full market value of the part of the land covered by the perpetual easement to be a proper element of compensation, and forbids any diminution in the allowable compensation on account of any use which the landowner might make of any part of the land covered by the perpetual easement, or on account of the possibility that the condemnor might some day abandon the use of the land covered by the perpetual easement and permit all rights in it to revert to the then owner of the fee. The reasons which underlie and support these features of the rule are fundamentally sound. They may be stated in this wise:

1. In the very nature of things, compensation for private property taken for public use must be determined as of the time of the taking. *Ayden v. Lancaster,* 197 N.C. 556, 150 S.E. 40; *Power Co. v. Hayes, supra;* 29 C.J.S., Eminent Domain, section 185. As a consequence, compensation is to be assessed on the basis of the rights acquired by the condemnor at the time of the taking, and not on the basis of the condemnor's subsequent exercise of such rights. *McMahan v. R. R., supra; R. R. v. McLean, supra.* "It is well settled that the defendant is entitled to recover not only the value of the land taken, but also the damages thereby caused to the remainder of the land. Even if the plaintiff should not use the entire right of way, the rule would be the same, as it is not what the plaintiff actually does, but what it acquires the right to do, that determines the *quantum* of damages." *Railroad v. Land Co., supra.*

2. Since the condemnor acquires the complete right to occupy and use the entire surface of the part of the land covered by the perpetual easement for all time to the exclusion of the landowner, the bare fee remaining in the landowner is, for all practical purposes, of no value, and the value of the perpetual easement acquired by the condemnor is virtually the same as the value of the land embraced by it. *McMahan v. R. R., supra; R. R. v. McLean, supra; Railroad v. Land Co., supra; Sexton v. Union Stock Yard & Transit Co., supra; Boston Chamber of Commerce v. Boston, supra; General Ice Cream Corp. v. State, supra; Grand River Dam Authority v. Martin, supra; Joint School Dist. No. 1, Town of*

*Greenfield, v. Bosch, supra;* 18 Am. Jur., Eminent Domain, section 251; 29 C.J.S., Eminent Domain, section 143.

3. Since the condemnor acquires the complete right to occupy and use the entire surface of the part of the land covered by the perpetual easement for all time to the exclusion of the landowner, any use which the landowner may make of any part of the land embraced by the perpetual easement is necessarily permissive in character, and cannot be considered in diminution of compensation because it may be terminated by the condemnor at any time. *McMahan v. R. R., supra; Haislip v. Railroad Co., supra; Baucum v. Arkansas Power & Light Co., supra; Kentucky-Tennessee Light & Power Co. v. Beard, supra;* 29 C.J.S., Eminent Domain, section 143. Moreover, "the probability that the appropriator will not exercise, or the fact that he has no present intention of exercising, to the full extent the rights acquired should not be considered in reduction of the damages, where there is nothing to prevent a full exercise of such rights, since the presumption is that the appropriator will exercise his rights, and use and enjoy the property taken, to the full extent." 29 C.J.S., Eminent Domain, section 155. See, also, in this connection: *Barnes v. Peck,* 283 Mass. 618, 187 N.E. 176; and *Old Colony R. Co. v. Miller,* 125 Mass. 1, 28 Am. R. 196.

4. A condemnor cannot demand a perpetual easement with one breath and insist with the next that he be excused from paying full compensation for the perpetual easement on the ground that there is a bare possibility that he may abandon the perpetual easement on some uncertain day before the last lingering echo of Gabriel's horn trembles into ultimate silence. This is true because the law of eminent domain deems the possibility of the abandonment of a perpetual easement by nonuser so remote and improbable it will not allow the contingency to be taken into consideration in determining the value of the easement. *State of Georgia v. City of Chattanooga, supra;* 18 Am. Jur., Eminent Domain, section 251. See, also, in this connection: *McMahan v. R. R., supra; Railroad v. Davis,* 19 N.C. 451; 29 C.J.S., Eminent Domain, sec. 149.

What has been said shows that the trial judge did not err in charging the jury in respect to the measure and elements of compensation germane to this proceeding. It likewise shows the untenability of Exception 30, which covers a part of the charge in which the trial judge instructed the jurors, in essence, that the mere possibility that the public road-governing authorities might some day abandon the use of the condemned right of way for highway purposes, and thus permit all rights in it to revert to the then owner of the fee was "too remote and too uncertain" for their consideration in passing on the question of compensation.

Exception 31 is addressed to this instruction: "Applying these rules I have given you, it is your duty by your verdict to leave the respondents

. . . in as near the same position with respect to their entire tract of land as you can, the burden being on them, as the court has explained to you, to show by evidence and by the greater weight, the damages, if any, they have sustained." This instruction is not subject to any just criticism. It merely advises the jury that the respondents are entitled to be put in as good position pecuniarily as if their property had not been taken. *S. v. Lumber Co.,* 199 N.C. 199, 154 S.E. 72; *Abernathy v. Railroad,* 150 N.C. 97, 63 S.E. 180; *Railroad Co. v. Platt Land, supra.* "Certainly where by compulsory process and for the public good the State invades and takes the property of its citizen, in the exercise of its highest prerogative in respect to property, it should pay him full compensation." *Brown v. Power Co.,* 140 N.C. 333, 52 S.E. 954.

The remaining exceptions are formal and require no discussion.

The judgment will be upheld because there is in law

No error.