Nash, C. J.
 

 This case comes within the principle of Thompson and French against Williams decided at this Term, (ante, 116.) The injunction in this, as in that case was granted, not to stay waste, strickly speaking, but to restrain a simple trespass —and in order to bring it within the rule of Equity in such cases, the bill charges, that the defendant William H. Shute is insolvent, and that if he is permitted to go on and cut down the timber as he has done, the land will be injured, and he be unable to compensate the plaintiff for the damages he may recover. It is not sufficient for a plaintiff to state that the acts complained of will’ be attended with permanent results, destroying or materially altering the estate ; but the allegation must be attended with such a statement of facts, as to enable the Court to see that such would be the result. There is nothing in the bill here, to show that such would-be the case— that the injury would be irreparable. If there was any doubt upon the question, the answer has entirely removed it. The defendant William H. Shute sr. claims the land in dispute as Mss property — alleges that he is in possession, and has been for
 
 *183
 
 some time ; and has used the same as the owner thereof — hav» ing a due regard “to his own interest and right, and as any other manager of his own estate would have done as a prudent and careful owner. That while the trees standing thereon are valuable for timber — and this defendant hath to a very limited extent so used them — the land is valuable for agricultural purposes,” &c.; and he denies he is insolvent. In addition to all this, it appears from the bill, which was originally' filed to fore-close an equity of redemption, that two other tracts were mortgaged to the plaintiff; and the answer avers they are amply sufficient to repay the money due the plaintiff. So, that if the defendant W. ’ H. Shute were insolvent, the' plaintiff would lose nothing. In looking at the bill and answer as affidavits, containing the facts severally relied on by the parties, we have no doubt that the injunction ought to have been dissolved. We cannot sit here to try the title to land ; that is the province of a Court of law. Nor can we allow the power of the Court of Equity to be interposed in every case of disputed title to land — to stop agricultural pursuits. This would be the result in every case of disputed boundary, where one of the parties was in possession — using the land for farming purposes — if the injunction in this case were continued to the hearing.
 

 There is error in the interlocutory order made below, and the injunction must be dissolved.
 

 This opinion will be certified to the Court of Equity of Craven County, and the plaintiff must pay the costs of this Court.
 

 Pise Cuexam. Decree accordingly.