## Y. D. VINSON *v.* THE N. C. RAILROAD COMPANY.

A petition filed by the plaintiff at November Term, 1857, of the late Court of Pleas and Quarter Sessions, to recover the assessed value of that portion of his land taken and used by the defendant for its road bed, &c., which road was finished in 1854, is barred by the statute of limitations, as provided in the 29th section of the original charter of said road, which prescribes that such petitions for damages shall be brought within two years from the completion of the road.

That the defendants in 1855 instituted proceedings in the Superior Court to have the plaintiff's land condemned for the use of its road, which proceedings were subsequently discontinued by the defendant "without prejudice," and with the understanding that the plaintiff was to suffer no hurt or loss in consequence of such act of the defendant, did not prevent the plaintiff from pursuing his remedy under the said 29th section; nor did such action prevent the statute of limitations from running.

(*Jones* v. *Broadie*, 3 Murph. 594; *Cogdell* v. *Exum*, 69 N. C. Rep. 464, cited and approved.)

RODMAN, J., *dissenting*.

This was a PETITION, originally filed in the Court of Pleas and Quarter Sessions, of JOHNSTON county, and thence carried to the Superior Court, where it was tried before *Watts*, J., at Spring Term, 1875, upon the following

### CASE AGREED:

This is a petition filed by the plaintiff against the defen-

dant at November Term, 1857, of the Court of Pleas and Quarter Sessions of Johnston county, to recover of the defendant, damages, on account of the construction of its railroad across the land of the plaintiff. The railroad was finished in 1854. The amount claimed was the value of the land upon which the road bed lies, and one hundred feet on each side thereof. The petition was filed under an act of the General Assembly, entitled "An Act incorporating the North Carolina Railroad Company," ratified the 27th day of January, 1849. The defendant relies on the 29th section of said act as a bar to the plaintiff's claim.

At September Term, 1855, of the Superior Court of law of said county, the defendant filed a petition against the plaintiff, who was duly served with notice thereof, to have the value of said land assessed, and the land to vest in the plaintiff upon the payment of the assessed valuation thereof under and in pursuance of the said act of the General Assembly.

The plaintiff in this case upon the service of said notice, employed counsel to appear for him, and his counsel did appear, and an order was made by the Court for the valuation of said land and assessment of the damages which might accrue to the present plaintiff, in consequence of the construction of the railroad of the defendant, and commissioners were appointed for that purpose; but they never acted thereupon.

Said cause was continued from term to term until Spring Term, 1875, of said court, at the end of which term the counsel for the plaintiff entered a dismissal of the cause without prejudice. and without consultation, or any agreement with the defendant or his counsel in that case, and without their knowledge. Some months afterward, when the counsel of the defendant complained that they were surprised by the said entry, and that they were then barred by the statute of limitations from filing their petition for damages, the attorney for the plaintiff in said action assured them that he would not

allow them to suffer from his said act, but before this petition was filed, he had ceased to be the attorney for said company.

If the court shall be of opinion that the statute of limitations is a bar, or for other cause the plaintiff is not entitled to recover then this petition, is to be dismissed and judgment entered against the plaintiff for cost. If the court be of the opinion that the plaintiff is entitled to relief, then judgment shall be entered for the appointment of commissioners to assess damages as prayed, and either party may appeal from the judgment.

The court rendered judgment in favor of the plaintiff, according to the case agreed, and thereupon the defendant appealed.

*Moore & Gatling.* for the appellant.
*Smith & Strong*, and *Lewis*, contra.

SETTLE, J.   The plaintiff seeks to recover damages of the defendant for constructing its road over his land.   That portion of the road was finished in 1854.

This action was brought to the November Term, 1857, of the former Court of Pleas and Quarter Sessions, for the county of Johnson.

The 29th section of the Act incorporating the North Carolina Railroad Company, declares that in the absence of any contract, &c., it shall be presumed that the land upon which the road or any of its branches may be constructed, together with a space of one hundred feet on each side of the centre of the said road, has been granted to the said company by the owner or owners thereof; and the said company shall have good right and title thereto, and shall have, hold and enjoy the same, as long as the same be used for the purposes of said road, and no longer, unless the person or persons owning the said land at the time that part of the said road, which may be on the said land, was finished, or those claiming under him, her,

or them, shall apply for an assessment of the value of the said lands, as hereinbefore directed, within two years next after that part of said road, which may be on the said land, was finished; and in case the said owner or owners, or those claiming under him, her, or them, shall not apply within two years next after the said part was finished, he, she, or they shall be forever barred from recovering said land, or having any assessment or compensation therefor, &c., with a saving in favor of *feme coverts* and infants, until two years after the removal of their respective disabilities.

This is a positive statute of limitations, and it clearly bars the plaintiff's action, unless it be saved by the special circumstances relied upon by the plaintiff for that purpose, which are stated in the case agreed, and which the reporter will set forth in full. The plaintiff has not been vigilant, and if he has lost any thing by sleeping on his rights, we can only say, the law is so written.

Although the defendants in this action had, in 1855, instituted proceedings in another and different court from that to which this action was brought, to-wit: in the Superior Court, to have the land of the then defendant, now plaintiff, condemned under the 27th section of its charter, that did not prevent the plaintiff from proceeding, under the 29th section, as he afterwards attempted to do in the County Court.

Whatever the entry, " dismissed without prejudice," and the subsequent conversations of the defendant's attorney, may amount to, they certainly cannot operate to defeat a plain, positive statute of limitations.

TAYLOR, C. J., in *Jones* v. *Brodie,* 3 Murph., 594, says: " To all statutes of limitation, the principle has been hitherto applied, that when they begin to run, nothing will stop their operation."

This may sometimes operate harshly, but not more so than in the numerous cases where it has been held that courts have no power to permit an amendment, when the proposed amend-

33

ment will evade or defeat the provisions of a statute. *Cogdell* v. *Exum*. 69 N. C. Rep., 464, and cases there cited.

Let the petition be dismissed, and judgment entered here against the plaintiff for costs, according to the case agreed.

PER CURIAM.                                        Petition dismissed.