GOLDSBORO LUMBER CO. v. HINES BROS. LUMBER CO.

(Decided March 27, 1900.)

*Injunction—Right-of-way—Exclusive — Location — Timber Deeds—Irreparable. Damage—Contingent Right in Timber—Injury to Property—Reserved Rights of Grantor.*

1. A right-of-way of specified width must be located and constructed in order to be exclusive.

2. The grant of such easement does not preclude the grantor from such use of his land himself or permitting the same to others, which is not in conflict therewith.

3. A court of equity will not enjoin a trespass unless the damage is irreparable, and such must be made to appear, not merely by allegation, but by statement of facts which will enable the Court to see that such would be the result.

4. In timber deeds, the title passes only to those trees of the required measurement at the date of deed. Where the date of *"severance and removal"* is substituted for date of deed, the grantee has no estate in the timber under .size for a court of equity to protect, but merely a contingent right.

CIVIL ACTION in trespass and for injunction, heard before *Bryan, J.,* upon motion to continue until final hearing a temporary order of restraint heretofore granted, determined at Chambers at New Bern, on December 19, 1899, in cause pending in JONES Superior Court.

Both parties claim easements, under timber deeds from the same grantor—plaintiff's deed dated September 27, 1897, defendant's deed dated October 31, 1899. The plaintiff claims that his rights were exclusive, and extended to the whole tract of 250 acres. The defendant claims that his rights are not in conflict with the rights conveyed to plaintiff.

The motion was heard upon affidavits and exhibits, and his Honor continued the injunction until the final hearing.

Defendant excepted and appealed.

The facts of the case are fully developed in the opinion.

*Messrs. O. H. Guion,* and *W. W. Clark,* for appellants.

*Messrs. Simmons, Pou & Ward, Aycock & Daniels,* and *T. C. Wooten,* for appellee.

FAIRCLOTH, C. J.   On September 27, 1897, Casper sold to the plaintiff all the trees and timber standing and down, growing and dead, measuring at the "time of severance and removal, not less than fourteen inches in diameter, twenty-four inches above the ground," in and upon a certain tract of 250 acres of land, to be removed on or before eight years from that day.   He further agreed that plaintiffs shall have and are thereby granted "exclusive right-of-way to build, equip, construct and operate over, across, through and upon said lands such tramroads and railroads as shall be necessary for moving said trees and timber from said lands, and from the lands of any and all other persons or for operating a regular railroad for freight and passenger traffic; said right-of-way to be 60 feet wide and in fee"   *   *   *   and providing that said Casper shall have the right to use such timber as is needed for sills, shingles, boards and other plantation purposes, but none to be used for saw-mill purposes.   On October 31, 1899, said Casper leased to the defendant for five years a small part of said tract on the east side, about twelve acres, with the right to enter, cut and use cross-ties out of any timber thereon not heretofore sold.

Plaintiff has not located any right-of-way anywhere on said land nor constructed or attempted to construct any tramroad or other road on said land.   He alleges that defendant is

surveying and preparing to lay a tramway over the land leased from Casper, for passing and repassing, etc., and if permitted to do so, the plaintiff will suffer irreparable damage.

Is this a case for interference by a court of equity? The Court will not interfere to prevent a trespass unless the damage would be "irreparable." *Howell v. Howell,* 40 N. C., 258. "It is not sufficient for a plaintiff to state that the act complained of will be attended with permanent results, destroying or materially altering the estate; but the allegation must be attended with such a statement of facts as to enable the Court to see that such would be the result." *Bogey v. Shute,* 54 N. C., 180. Do the facts here present such a case of irreparable damage? The plaintiff became the owner and has an estate in those trees measuring 14 inches in diameter at the date of his deed, but it does not appear that the defendant has interfered with any of that class of trees. This Court has heretofore said that the title passed only in those trees of the required measurement at the date of the deed. The plaintiff, apparently to avoid that rule, contracted for such trees as would measure 14 inches at the time of "severance and removal," so that no estate in the trees under that size has yet vested, and he has no property therein for a court of equity to protect. He, however, argues that many trees now of undersize will grow up to 14 inches before the end of eight years (which is true according to the law of nature) and that he is entitled to have that class of trees protected. It seems enough to say that until the conditions of growth and severance have been performed, the plaintiff has no property interest in such trees as this Court can protect. The loss of such trees may defeat plaintiff's contingent rights, but would not be an injury to his *property.*

Plaintiff insists that the defendant is about to interfere with his easement or right-of-way under his contract. He

claims that that right is coextensive with the entire limits of the tract of land, and that it is *exclusive.* That contention is contrary to his contract, which is only for 60 feet. His fallacy is in assuming that he has a right-of-way. A right-of-way is an easement which is property, and requires the same definiteness in its description as a tract of land by metes and bounds. His right-of-way has not yet been laid out and located, and the result is that he has no right-of-way with which the defendant is interfering. If the plaintiff is suffering any damage or loss, and if he has any remedy, about which we can not and do not now express any opinion, it seems to be for a breach of contract, trespass or tort. There is no privity between plaintiff and defendant either in contract or estate. It is not denied that the defendant is solvent. The facts recited fail, in our opinion, to disclose an instance of irreparable damage. We conclude that his Honor was in error in continuing the restraining order to the hearing.

Reversed.