VIRGINIA AND CAROLINA SOUTHERN RAILROAD COMPANY
v. MARSHALL McLEAN AND WIFE.

(Filed 3 April, 1912.)

1. **Railroads — Easements — Rights Acquired — Use by Owner of Lands.**

Only an easement in lands passes from the owner to a railroad company under condemnation proceedings (Revisal, sec. 2575), divesting all the rights of owners who are parties to the proceedings in such easement during the corporate existence of the company (Revisal, sec. 2587), but allowing them to use and occupy the right of way in any manner not inconsistent with the easement acquired.

2. **Railroads — Easements — Use by Railroad—Necessity—How Determined.**

A railroad company may use and occupy a right of way acquired by it under condemnation proceedings, when, in its own judgment, the proper management and business necessities of the road may require it.

3. **Railroads — Easements—Additional Burdens—Owner's Compensation.**

When a railroad company puts additional burdens upon a right of way which it has acquired by condemnation, not properly embraced in the general purpose for which it was obtained, the owner is entitled to compensation for them.

4. **Railroads—Easements—Measure of Damages—Mineral—Special Circumstances.**

In awarding damages to the owner of lands for an easement therein acquired for railroad purposes, there should, as a general rule, be included the market value of the land actually covered by the right of way, subject to modification under special circumstances, as where there is a mineral deposit of the use of which the easement does not interfere.

5. **Railroads—Easements—Measure of Damages—Special Benefits.**

The owner of lands through which a railroad has acquired a right of way by condemnation is entitled to recover therefor the damages done to the remainder of the tract or portions of the land used by him as one tract, deducting from the estimate the pecuniary benefits or advantages which are special and peculiar to the tract in question, but not those which are shared by him in common with other owners of lands of like kind in the same vicinity.

**6. Appeal and Error—Objections and Exceptions—Instructions.**

  An instruction to the jury that the plaintiff was entitled to recover of a railroad company, for condemning his land for a right of way, the actual market value of the land thus taken, will not be held for reversible error on appeal when no exception is entered.

APPEAL from *Whedbee, J.,* at October Term, 1911, of CUM-BERLAND.

Proceedings to condemn land for a right of way for plaintiff company, heard on appeal from clerk of Superior Court on an issue as to the amount of damages.

The following issue was submitted and answered by the jury: "What damages are defendants entitled to recover of plaintiff on account of the condemnation and appropriation of the 3.12 acres of land described in the petition filed in this cause? Answer: $462.50."

Judgment on the verdict for the amount and condemning the land in question "as a perpetual right of way for plaintiff company to be used for railroad purposes and for such other purposes as may be permitted by statute," etc.

Plaintiff having duly excepted, appealed, and assigned and urges here for error the following direction with others given by the court as a rule for estimating the damages: "That in assessing the damages which the defendant may be entitled to, you will allow the defendants the actual market value of the three and 12-100 acres covered by the right of way that the plaintiff seeks to condemn, as described in the petition."

*McLean, Varser & McLean and H. L. Cook for plaintiff.*
*Shaw & McLean and Sinclair & Dye for defendant.*

HOKE, J. Under the general law, Revisal, secs. 2575 *et seq.,* and ordinarily under special statutes applicable, only an easement passes to the railroad under condemnation proceedings, and that and the effect of it is the interest usually involved in such an inquiry. In section 2587, the one which more especially refers to the judgment in these cases and the vesting of the title, the determinative language is: "And on the payment by said company of the sum adjudged, together with the costs

and counsel fees allowed by the court in the office of the clerk, then and in that event all persons who had been made parties to the proceedings shall be divested and barred of all right, estate, and interest in such easement in such real estate during the corporate existence of the company aforesaid; and this view has very generally prevailed with us. *Parks v. R. R.,* 143 N. C., 289; *R. R. v. Sturgeon,* 120 N. C., 225.

In practical application of this principle, the Court has held that to the extent that the right of way is not presently required for the purposes of the road, it may be occupied and used by the original owner in any manner not inconsistent with the easement acquired. *Lumber Co. v. Hines Bros.,* 126 N. C., 254. A position that finds support in a line of cases which hold that for any additional burden put upon the right of way not properly embraced in the general purposes for which condemnation was had, the compensation shall accrue to the owner and not to the company. *Brown v. Power Co.,* 140 N. C., 333; *Hodges v. Telegraph Co.,* 133 N. C., 225. And it has been further decided that this right of way, when once acquired, may be occupied and used by the company to its full extent, whenever the proper management and business necessities of the road may require, and the company is made the judge of such necessity. *R. R. v. Olive,* 142 N. C., 257-275.

The easement, then, and its effect on the property being the question involved, the law aims at making the owner a "just compensation" for the injuries likely to arise from the imposition of such a burden upon the land, the statute so requires, and, stated in a general way, the rule is to "Award the owner the difference in the market value of the whole lot or tract before the taking and the market value of what remains to him after such taking, uninfluenced by any general rise in values of property due to the improvement." Elliott on R. R., sec. 995 (2d Ed.). In determining this difference, and owing to the fact that the easement is perpetual in its nature and in all probability likely to become permanent, and to the position just referred to, that the entire right of way may be at any time appropriated and used for railroad purposes whenever in the judgment of the company such uses is required, it is held by the

weight of authority that the damages allowed the owner, as a general rule, shall include the market value of the land actually covered by the right of way, subject to the modification that under special circumstances, showing, for instance, the existence of mineral or other deposits of value below the surface to the extent that they could be made available to the owner without interference with the easement, such conditions should be considered by the jury in estimating the damage to be allowed on this account. *Brown v. Power Co.,* 140 N. C., 333; *R. R. v. Land Co.,* 137 N. C., 330-335; *Hollinsworth v. R. R.,* 63 Iowa, 443; *Weyer v. R. R.,* 68 Wis., 180; *So. Pa. R. R. v. San Francisco So. Union,* 146 Cal., 490; Lewis on Eminent Domain (3d Ed.), sec. 694.

In *R. R. v. Land Co., supra,* speaking to the question of allowing the market value of the land actually covered by the right of way, *Associate Justice Douglas,* delivering the opinion, said: "It is well settled that the defendant is entitled to recover not only the value of the land taken, but also the damage caused to the remainder of the land. Even if the plaintiff should not use the entire right of way, the rule would be the same, as it is not what the plaintiff railroad actually does, but what it acquires the right to do, that determines the quantum of damages."

In addition to market value of the land actually taken, the compensation to be allowed the owner shall include the damage done to the remainder of the tract or portions of land used by the owner as one tract, and in ascertaining this amount the rule generally obtaining in this State requires that there shall be deducted from the estimate the pecuniary value of any benefits or advantages which are special and peculiar to the tract in question, but not for the benefits or advantages shared in common with other lands of like kind in the same vicinity. *R. R. v. Platt Land,* 133 N. C., 266; *R. R. v. Wicker,* 74 N. C., 220; *Freedle v. R. R.,* 49 N. C., 89; *Bost v. Cabarrus,* 152 N. C., 535. There are some helpful suggestions in these authorities on the question of general and special benefits, but there being no exception to the charge of the court in this respect, the matter is not further pursued, and on consideration of the principles

stated, we are of opinion that there was no reversible error in allowing recovery for the market value of the land covered by the right of way as an element of damages. The judgment is therefore affirmed.

No error.