ATLANTIC COAST LINE RAILROAD COMPANY v. J. R. BUNTING.

(Filed 14 April, 1915.)

1. **Railroads—Easements—Right of Occupation—Use of Owner of Lands.**

   A railroad company may occupy its right of way to its full extent when-
   ever the proper management and business necessities of the road, in its
   own judgment, may require it, with the right of the owner of the land to
   use and occupy the part not thus used by the railroad, in a manner not
   inconsistent with its full and proper enjoyment of the easement; and
   when the railroad has entered into the enjoyment of its easement, its
   further appropriation and use thereof may not be destroyed and sensibly
   impaired by reason of the occupation of the owner or other person.

2. **Same—Injunction.**

   A railroad company in the use and enjoyment of a right of way extend-
   ing 100 feet each way from the center of its track, sought to enjoin the
   erection of a brick building by an owner of lands abutting on its ease-
   ment, to replace a wooden building which had been destroyed, and on a
   line of a substantial block of buildings which had been erected since the
   operation of the railroad, and extending over and upon its right of way,
   leaving a space of 65 feet between the building and the track and also
   used as a public street of the town for about thirty years. Nothing ap-
   pearing to show that the plaintiff railroad has any present purpose to
   use that part of the right of way occupied by the defendant, as stated, or
   that such occupation will sensibly increase the hazards incident to the
   operation of the railroad, it is *Held,* the injunction should not be granted.

3. **Railroads—Rights of Way—Easements—Property Rights—Railroad Pur-
   poses.**

   A railroad company has no right or authority to rent out its right of
   way to an individual for strictly personal or private business purposes,
   and not necessary for the enjoyment of its easement for railroad pur-
   poses. *Coit v. Owenby,* 166 N. C., 136, cited, approved, and discussed.

WALKER and BROWN, JJ., dissent.

APPEAL by defendant from *Peebles, J.,* at September Term, 1914, of
PITT.

Civil action to enjoin erection of a brick building on defendant's right
of way, heard on return to preliminary restraining order.

On the hearing the restraining order was made permanent and enjoin-
ing defendant from further proceeding with the building, whereupon de-
fendant excepted and appealed.

*S. G. Cooper and Harry Skinner for plaintiff.*
*Jarvis & Wooten and F. G. James & Son for defendant.*

HOKE, J. Our decisions are to the effect that a railroad right of way,
when once acquired, may be occupied and used by the company to its
full extent, whenever the proper management and business necessities of

the road may so require, and the company is made the judge of such necessity. *McLean v. R. R.,* 158 N. C., 498; *Earnhardt v. R. R.,* 157 N. C., 358; *R. R. v. Olive,* 142 N. C., 273. And further, that to "the extent that the land covered by the right of way is not presently required for the purposes of the road," the owner may continue to occupy and use it in a manner not inconsistent with the full and proper enjoyment of the easement. *Lumber Co. v. Hines,* 126 N. C., 254; *R. R. v. Sturgeon,* 120 N. C., 225. Both positions will be found stated and approved in the more recent cases of *Coit v. Owenby,* 166 N. C., pp. 136-138, and *Hendrix v. R. R.,* 162 N. C., 9; and it is further established in this State, both by statute and precedent, that when the company has acquired and properly entered on the enjoyment of its easement, the further appropriation and use of the right of way, as indicated, may not be destroyed or sensibly impaired by reason of the occupation of the owner or other person. Revisal, sec. 388; *Beattie v. R. R.,* 108 N. C., pp. 432-433; *R. R. v. McCaskell,* 94 N. C., 746.

A correct application of these principles to the facts in evidence, about which there is no substantial dispute between the parties, is, in our opinion, against the ruling of the court below on the question presented. From these facts it appears that plaintiff is now operating a railroad through or by the town of Bethel, and that, under its various charters, its right of way extends for 100 feet each way from the center of its track; that formerly the town was some further away, but soon after the completion of the road, about 1885, the business portion was moved towards the southern side of the track and a substantial block of business buildings, including a bank, two hotels, and some large brick stores, were erected along said track and fronting the same, leaving a space of 65 feet between said buildings and the track, which space was used as a public street known as Railroad Street, the principal business street of the town, and had been since the before-mentioned date, 1885; that plaintiff, owning one of the lots on this street, had bought an old warehouse from the company and placed it on the lot and had used it as a business house or warehouse for several years, till the fall of 1914, when he tore it down with intent to erect on the lot a brick business building, this being substantially in line with the buildings already along the street and situate, for some distance, on plaintiff's right of way.

In making our present decision, we must not be understood as holding that, under usual or ordinary circumstances, the owner of property, subject to such an easement, would be justified in building a permanent brick structure on the plaintiff's right of way; but there is nothing in this record which shows or tends to show that plaintiff company has any present purpose of putting in a double track or that the proposed building will tend to interfere with the proper and efficient operation of the

road, or that it will sensibly increase the hazards incident to its opera-
tion, and, in the absence of some such evidence, we must hold, as stated,
that on the facts presented there is nothing to indicate that the proposed
building or its contemplated use will in any way tend to interfere with
the "full and proper enjoyment of plaintiff's easement," the test sug-
gested in *Coit v. Owenby, supra,* and the authorities cited in its support.
It was only a business building in line with the other buildings on the
block, and, so far as appears, it did not even sensibly increase the obstruc-
tion to the view, at times desirable for the safe operation of plaintiff's
trains.

The case of *Coit v. Owenby* was cited on the argument as authority
for the position that, on the facts in evidence, the plaintiff might have
some proprietary interest in that portion of defendant's lot on the right
of way which it might rent or lease for warehouse or other business pur-
poses to some patron of the road. Owing to the fact that the testimony
on that point in *Coit v. Owenby* was somewhat obscurely stated in the
case on appeal, the decision may, in some aspects of the evidence, permit
of such an interpretation, and we deem it well, therefore, to say that, in
the case referred to, the Court never intended to hold that a railroad
had the right to rent out the right of way to an individual for strictly
personal or private business purposes. The decision was made to rest
on that aspect of the testimony which permitted the interpretation and
tended to show that the right of way had been let to a patron of the road
as a terminal facility for receipt and shipment of freight, and it was
held that the company might do this to the extent that it did not inter-
fere with the facilities for serving the public.

A railroad company would not be permitted to sell or farm out any
portion of its right of way to an individual for any purposes extraneous
to its chartered rights and duties.

We find there was error in the judgment rendered, and, on the record,
the same must be

Reversed.

WALKER and BROWN, JJ., dissenting.