LILLIE F. HODGES ET AL. v. ATLANTIC COAST LINE RAILROAD COMPANY ET AL.

(Filed 26 September, 1928.)

**1. Railroads—Right of Way—Nature and Extent of Easement.**

Where a railroad company is given a deed to its right of way for all necessary railroad purposes, the question of necessity is primarily one for the railroad company.

**2. Same—Injunctions.**

In an action to restrain a railroad company from building houses for the use of its foremen and section hands, employed in the necessary upkeep of railroad property, on a plot of ground deeded to it for all necessary railroad purposes, a temporary order restraining the company from building such houses until the final hearing should not be granted without a finding of fact that the company had not exercised its right in good faith, and was not using the land for necessary railroad purposes.

APPEAL by defendants from order of *Nunn, J.,* at Chambers, in Smithfield, N. C., dated 25 April, 1925. Modified and affirmed.

Action to recover damages for trespass upon land and to enjoin and restrain defendants perpetually from entering upon said land, for the purpose of building fences or erecting buildings thereon; or for the purpose of cultivating the same.

From order continuing a temporary restraining order to the final hearing, defendants appealed to the Supreme Court.

*Godwin & Williams and E. F. Young for plaintiffs.*
*J. C. Clifford and Rose & Lyon for defendants.*

CONNOR, J. Plaintiffs are the owners in fee of a certain strip of land, described in the complaint, 43 feet wide, and 1,595 feet long, situate in Averasboro Township, Harnett County, North Carolina.

Prior to 1 January, 1928, plaintiffs were in possession of said strip of land cultivating the same for agricultural purposes. The defendant, Atlantic Coast Line Railroad Company, owns a right of way over and across the land of plaintiffs. The said right of way includes the strip of land described in the complaint. Prior to 1 January, 1928, said defendant had not entered upon, occupied or used said strip of land for any purpose. The defendant, D. A. Sykes, is a section foreman of said company, in charge of the section of its tracks and roadbed, which is located upon the right of way over and across plaintiff's land.

The defendant, Atlantic Coast Line Railroad Company, owns its right of way over and across plaintiff's lands, which include the strip of land described in the complaint, under a deed dated 15 June, 1883, which was duly registered on 22 January, 1886. The easements and privileges connected with said right of way, and conveyed by said deed, are described therein as follows:

"A free and perpetual right of entry, right of way, and easement at any and all times for the purpose of surveying, locating, building, constructing, using, operating, altering, improving and repairing the said branch line of railroad, its depots, warehouses, station houses, bridges, and all necessary erections and for all other purposes necessary and convenient for the operation and the business of the said branch road."

Early in January, 1928, the defendant, Atlantic Coast Line Railroad, entered upon the strip of land described in the complaint, built a fence around it, and erected thereon a small house or shanty, for use and occupancy by its section hands. Said defendant contemplates the erection, in the near future, of other houses and shanties to be occupied and used by its section hands. Defendants allege that the house or shanty heretofore erected, and the houses or shanties which it intends to erect on said strip of land, for the purposes aforesaid, are necessary for and convenient to the operation and business of said company. They deny that said defendant has used or contemplates using said strip of land for agricultural purposes. Plaintiffs allege that said houses are not necessary for railroad purposes, but that they have been or will be erected to enable the defendants to use said strip of land for other purposes, to wit, agricultural purposes.

In the order continuing the temporary restraining order to the final hearing, defendants are enjoined and restrained not only from cultivating said strip of land, but also from erecting or building thereon any new shanties, buildings or fences until the final hearing. It is ordered, however, the defendants "may use and occupy the house already erected on said land, with the yard in front of said house and the back yard, and a space ten feet north and south of said house, at each end, such occu-

pancy to be maintained until the final hearing. But this occupancy shall not prejudice the plaintiffs in contending for their alleged rights to the entire strip of land described in Article 3 of the complaint at the final hearing."

The right of the defendant, Atlantic Coast Line Railroad Company, to enter upon said strip of land, at any time, and to occupy and use the same for any and all purposes reasonably necessary for and convenient to the operation of its business as a railroad company is clearly recognized and established by authoritative decisions of this Court. *Hodges v. Western Union Telegraph Co.,* 133 N. C., 225, 45 S. E., 572. The erection of houses and shanties on said strip of land by defendant to be used and occupied by its employees, while engaged in work for said defendant as section hands, is manifestly both convenient and necessary to the operation of its business as a common carrier, by railroad. However, whether or not, the use or proposed use of its right of way by a railroad company is necessary for railroad purposes is primarily, at least, a matter to be determined by the company, in the exercise of its judgment. *R. R. v. Olive,* 142 N. C., 257, 55 S. E., 263. In the absence of a finding, supported by evidence, that the use and occupancy of its right of way is not necessary for railroad purposes, and that such use is in bad faith, and not the result of the honest exercise of its judgment, the courts will not interfere with such use and occupancy. It is the duty of a railroad company to keep its roadbed and tracks in good repair; in order to perform this duty, it is necessary for the company to keep in its employment foremen and section hands readily available for the work of repairing said roadbed and track. It cannot be held as a matter of law that houses and shanties, located on its right of way, for the use and occupancy of such foreman and section hands, are not reasonably necessary for the proper performance of the duty which defendant owes to its patrons and to the public. Defendant does not contend that it has the right to enter upon and to use its right of way or any part thereof for agricultural purposes; it denies that it has or intends to use said strip of land for such purposes.

It was error to enjoin and restrain defendants from erecting or building upon its right of way new shanties, buildings or fences, enclosing said houses and reasonable yards connected therewith. The order must be modified in accordance with this opinion. As thus modified, the order is

Affirmed.