L. R. POWELL, JR., AND HENRY W. ANDERSON, RECEIVERS OF THE SEABOARD AIR LINE RAILWAY COMPANY, v. HAMLET ICE COMPANY, A CORPORATION.

(Filed 22 January, 1936.)

Railroads C d—Licensee may not be ejected when occupancy of right of way is not reasonably necessary for railroad purposes.

A licensee may not be ejected from the right of way by a railroad company when occupancy of the right of way is not reasonably necessary for railroad purposes and the demand of the railroad company is not made in good faith in the honest exercise of judgment, and where, in an action in ejectment by a railroad company against a licensee operating an icing platform on the railroad right of way, the defendant alleges that it had

satisfactorily serviced refrigerated cars from its platform for over a decade, that same was built at great expense according to specifications of the railroad and a fruit express company, a customer of the railroad, and that the demand of the railroad company that defendant vacate the right of way was not made in good faith, but in order to destroy defendant's business or force it to sell same to a competitor or the express company at a grossly inadequate price, and that the demand was made pursuant to a conspiracy between the parties, and that possession was not sought for *bona fide* railroad purposes, *it is held* to state a defense to the action in ejectment, and the action of the trial court in striking out the allegations of such defense upon motion was error.

STACY, C. J., dissenting.

APPEAL by defendant from order striking out further defense contained in answer, entered by *McElroy, J.,* at September Term, 1935, of RICHMOND. Reversed.

*Varser, McIntyre & Henry and Fred W. Bynum for plaintiffs, appellees.*
*Smith, Wharton & Hudgins for defendant, appellant.*

SCHENCK, J. This is an action, instituted by the plaintiffs, to recover the possession of two tracts of land 100 feet wide, upon which is located the railroad tracks of the Seaboard Air Line Railway Company, one of which tracts the plaintiffs allege the plaintiff railway company owns in fee simple, and over the other it owns a right of way or easement for railroad purposes. The plaintiffs further allege that the defendant is in the unlawful possession of a portion of each of said two tracts of land, and notwithstanding demand has been made upon it to vacate said premises, it refuses so to do.

The defendant denies the plaintiff railway company's ownership of title and easement in the respective tracts of land; and for further defense alleges, in substance, that in 1923 it was compelled by the Seaboard Air Line Railway Company, under penalty of losing its business with the railway company and the Fruit Growers Express Company, to erect its present ice plant in the town of Hamlet, adjacent to the tracks of the railway company; that said plant was erected at an expense in excess of $200,000, and that as a part and parcel of said plant it constructed an icing platform partially upon the right of way of the railway company, a small portion of the same being upon the tract of land alleged to be owned in fee simple by the railway company; that said platform was erected according to specifications furnished by and at the place designated by the plaintiff railway company and the Fruit Growers Express Company, and is what is known as "a forty-car length island platform"; and that since its erection in 1923 said platform has been used in connection with refrigerating cars for said railway company and

its customers, more particularly the Fruit Growers Express Company; that in 1928 the Seaboard Air Line Railway Company, the Fruit Growers Express Company, and the Mountain Ice Company, all of which had mutual and interlocking business interests, formulated a plan for the Mountain Ice Company to locate an ice plant at Aberdeen, 25 miles north of the defendant's plant, and pursuant to this plan the Fruit Growers Express Company and Mountain Ice Company entered into a long-term contract for the purchase and delivery of a large quantity of ice per annum, which contract became burdensome to the express company, and the express company became desirous of being relieved therefrom, and also desirous of obtaining the lucrative business of the defendant for the Mountain Ice Company; and that the Seaboard Air Line Railway Company, Fruit Growers Express Company, and Mountain Ice Company conferred and consummated an agreement to the effect that the plaintiff railway company would demand that the defendant surrender possession of the ground upon which the defendant's icing platform stands, and thereby force its removal or sale to the Mountain Ice Company and/or to the Fruit Growers Express Company, at a ridiculously low and inadequate price; and that pursuant to this agreement, which in law amounted to a conspiracy, the plaintiff railway company made demand for the possession of the two tracts of land described in the complaint; that such action was not for the purpose of getting possession of the land for *bona fide* railroad purposes, but for the false and fraudulent purpose of destroying the business of the defendant, or forcing it to sell its icing platform to the coconspirators of the plaintiff railway company, the Fruit Growers Express Company and the Mountain Ice Company.

The court, upon motion of the plaintiffs, ordered stricken from the answer the further defense, and the defendant excepted and appealed, and the relevancy of the allegations contained in the further defense is the sole question presented to us for consideration. These allegations are to the effect that the plaintiff Seaboard Air Line Railway Company, the Fruit Growers Express Company, and the Mountain Ice Company planned, schemed, and conspired to destroy the business of the defendant, or to force the defendant to sell its business to the coconspirators of the plaintiff railway company at a grossly inadequate price, and that as a result of and as a part of said conspiracy the plaintiffs have made demand and brought this action for the possession of the tracts of land on which the defendant located and constructed its icing platform under the direction of the plaintiff railway company, and where the defendant has operated the icing platform satisfactory to said railway company and its customers since 1923; and that said possession is not sought for *bona fide* railroad purposes, but for the unlawful and fraudulent purpose of destroying, or taking without adequate compensation, the business of the defendant.

It is said in *Hodges v. R. R.*, 196 N. C., 66 (68): "In the absence of a finding, supported by evidence, that the use and occupancy of its right of way is not necessary for railroad purposes, and that such use is in bad faith, and not the result of an honest exercise of its judgment, the courts will not interfere with such use and occupancy." It would seem that the converse of this proposition is true, that is, when there is a finding supported by evidence that the use and occupancy of the right of way is not necessary for railroad purposes, and that such use is in bad faith, and not the result of an honest exercise of judgment, then the courts will not permit such use and occupancy by the railroad company to the detriment of others.

The defendant has laid the foundation by the allegations in its further defense to offer evidence in support of its contention that the plaintiffs in bringing this action are actuated not by an honest judgment that such right of way is necessary for *bona fide* railroad purposes, but by the fraudulent purpose and conspiracy to arbitrarily destroy the business of the defendant, and to enable the coconspirators of the railway company to obtain said business for an inadequate price, by demanding possession of the land upon which said business had been located at the behest of and operated to the satisfaction of the plaintiff railway company and its customers for more than a decade. The allegations are grave ones, but if the defendant can carry the burden of establishing them by competent evidence, we think, under the circumstances of this case, where the plaintiff is a public service corporation, enjoying the extraordinary powers and privileges necessary for the conduct of railroad business, and owing the correlative duties to the public and its patrons, it was error to deny it the right to do so by striking the further defense from the answer.

Reversed.

STACY, C. J., dissenting: I think the ruling of the Superior Court should be affirmed.

The allegations of the further defense are grounded on conspiracy and not on contract, express or implied, or irrevocable license. *B. & O. R. R. Co. v. Potomac Coal Co.*, 51 Md., 327, 34 Am. Rep., 316; 17 R. C. L., 582, *et seq.* The authority relied upon, *Hodges v. R. R.*, 196 N. C., 66, 144 S. E., 528, 59 A. L. R., 1284, deals with the rights of a servient owner, and not with those of a permissive licensee. 22 R. C. L., 861. The action is one in ejectment, and not a proceeding before the Utilities Commissioner. 1935 N. C. Code (Michie), sec. 1112, *et seq.*

The following authorities are in support of the judgment below: *R. R. v. Bunting*, 168 N. C., 579, 84 S. E., 1009; *R. R. v. McLean*, 158 N. C., 498, 74 S. E., 461; *Earnhardt v. R. R.*, 157 N. C., 358, 72 S. E., 1062; *R. R. v. Olive*, 142 N. C., 257, 55 S. E., 263. Compare *Bell v. Danzer*, 187 N. C., 224, 121 S. E., 448.